893 So.2d 101 (2004)
Judith S. SLACK
v.
The ALCOR GROUP, L.L.C.
No. 04-CA-928.
Court of Appeal of Louisiana, Fifth Circuit.
December 3, 2004.
Michael D. Carbo, New Orleans, LA, David J. Halpern, Jill A. Gautreaux, Metairie, LA, for Plaintiff/Appellee.
Clarence F. Favret, III, New Orleans, LA, for Defendant/Appellant.
Panel composed of Judges SOL GOTHARD, THOMAS F. DALEY and WALTER J. ROTHSCHILD.
WALTER J. ROTHSCHILD, Judge.
Judith Slack ("Slack") is a real estate agent licensed in Louisiana, and the Alcor Group, L.L.C. ("Alcor") is a Louisiana general real estate broker. On January 12, 2000, Alcor and Slack executed an agreement under which Slack would serve as an independent contractor on behalf of Alcor "to sell, lease, or rent any and all real estate or business listed with the Broker, to solicit additional listings and customers of said Broker, and otherwise promote the business of serving the public in real estate and business transactions." In exchange for her work, Ms. Slack would receive commissions from Alcor.
Alcor and Slack ended their relationship in August of 2001. On August 29, 2002, Slack filed a "Petition for Breach of Contract and for Declaratory Judgment" against Alcor asserting that she had not received all of the commissions due to her under the "Independent Contractor Agreement" and seeking past due commissions from Alcor, as well as a judicial determination that future commissions would be paid to her in accordance with the parties' agreement.
On September 13, 2002, Alcor filed an "Answer and Reconventional Demand" in which it admitted that the parties executed an independent contractor agreement on January 12, 2001, but denied that any commissions due to Slack were outstanding. In its reconventional demand, Alcor asserts that Slack owes Alcor $5,000 in liquidated damages, pursuant to the terms of their agreement, because when their independent contractor relationship ended, she *102 took a copy of a photo of property located at 4031 Veterans Memorial Boulevard. This photo was taken by Slack with an Alcor camera during the term of their agreement, but it was subsequently used in an advertisement for Latter and Blum, with which Slack became affiliated after the termination of her relationship with Alcor. Alcor contends that the photograph is proprietary business information, which Slack was prohibited from removing from Alcor without permission pursuant to the terms of the independent contractor agreement.
On July 3, 2003, Slack filed a Motion for Summary Judgment seeking dismissal of Alcor's reconventional demand on the grounds that she is entitled to a copy of the photograph pursuant to the terms of the agreement, the photograph is Slack's legal professional product and she is the owner of the photograph under the copyright laws of the United States, and the photograph is not "software" which is prohibited from duplication under the agreement. A hearing was held on March 19, 2004. On March 31, 2004, the trial judge signed a judgment granting Slack's Motion for Summary Judgment, dismissing Alcor's reconventional demand, and finding that 1) Slack is the legal owner of the copyright of the subject photograph; 2) Slack never assigned her legal rights to the photograph; 3) the photograph at issue was subject to the liquidated damages provision of the independent contractor agreement between Slack and Alcor; and 4) Slack is entitled to a copy of the photograph pursuant to the independent contractor agreement.
Alcor filed a devolutive appeal from the trial court's judgment. However, this Court cannot address the merits of Alcor's appeal due to lack of appellate jurisdiction.
LSA-C.C.P. art. 1915 provides in pertinent part:
B.(1) When a court renders a partial judgment or partial summary judgment or sustains an exception in part, as to one or more but less than all of the claims, demands, issues, or theories, whether in an original demand, reconventional demand, cross-claim, third party claim, or intervention, the judgment shall not constitute a final judgment unless it is designated as a final judgment by the court after an express determination that there is no just reason for delay.
(2) In the absence of such a determination and designation, any order or decision which adjudicates fewer than all claims or the rights and liabilities of fewer than all parties, shall not terminate the action as to any of the claims or parties and shall not constitute a final judgment for the purpose of an immediate appeal. Any such order or decision issued may be revised at any time prior to rendition of the judgment adjudicating all the claims and the rights and liabilities of all the parties.
The judgment in this case does not dismiss any party from the suit and does not decide all of the claims, demands, issues, or theories in the original action and reconventional demand. Therefore, it is a partial summary judgment which cannot be appealed unless it has been designated as a final judgment by the trial court after an express determination that there is no just reason for delay. See City of New Orleans v. Howenstine, 98-2157 (La.App. 4 Cir. 5/5/99), 737 So.2d 197, in which the defendant's appeal was dismissed where the judgment appealed from only addressed the principal demand and not the reconventional demand, and the trial court did not designate the judgment as final or *103 determine that there was no just reason to delay appeal of the judgment. See also Eiswirth v. Anthony L. Golemi Contractor, Inc., 02-1060 (La.App. 5 Cir. 1/28/03), 839 So.2d 346.
In this case, the trial judge made no determination that there was no just reason to delay appeal of this judgment and did not certify it as a final judgment. Therefore, because there is no final, appealable judgment before us, we must dismiss the matter for lack of appellate jurisdiction.
Accordingly, we dismiss the appeal and remand this matter to the trial court.
APPEAL DISMISSED.