CLARENCE E. McMANUS, Judge.
| ^Defendant, Horizon Realty, Inc., (“Horizon”), appeals from a judgment which dismissed its “Motion for Summary Hearing Regarding Validity of Plaintiffs Mate-rialman’s Lien.” We find that the judgment at issue is not a final, appealable judgment, and furthermore, that the appeal motion was not timely filed. Accordingly, we dismiss this appeal.
B & P Construction Inc. instituted this proceeding by the filing of a “Petition to Enforce Labor and Materialman’s Lien,” in the Second Parish Court for the Parish of Jefferson. In the suit, plaintiff alleged that it had been hired to and had in fact delivered materials and labor used in the construction of improvements on immovable property located in Jefferson Parish. Named as defendants were the property owners, Linda and Johnell Harold, their general contractor J.A. Julius, Jr., Inc., and Horizon Realty, who purchased the house from the Harolds. The defendants filed cross-claims against each other, and also reconventional demands against plaintiff. In addition, Horizon filed a “Petition for Damages and Removal of Notice of Claim” against plaintiff.
| aSubsequently, Horizon filed its motion for summary hearing, seeking a ruling on the validity of plaintiffs materialman’s lien. After a hearing, the trial court dismissed the motion, prompting this appeal.
LSA-C.C.P. art.1915 provides in pertinent part:
B. (1) When a court renders a partial judgment or partial summary judgment or sustains an exception in part, as to one or more but less than all of the claims, demands, issues, or theories, whether in an original demand, recon-ventional demand, cross-claim, third party claim, or intervention, the judgment shall not constitute a final judgment unless it is designated as a final judgment by the court after an express determination that there is no just reason for delay.
(2) In the absence of such a determination and designation, any order or decision which adjudicates fewer than all claims or the rights and liabilities of fewer than all the parties, shall not terminate the action as to any of the claims or parties and shall not constitute a final judgment for the purpose of an immediate appeal. Any such order or decision issued may be revised at any time prior to rendition of the judgment adjudicating all the claims and the rights and liabilities of all the parties.
The judgment in the present case does not adjudicate all of the claims of all of the parties because there has been no *263 decision as to the merits of the petition, or the numerous cross-claims and reconven-tional demands. Further, the trial court did not designate the judgment as a final judgment or make an express determination that there is no just reason for delay. This judgment is not appealable. City of New Orleans v. Howenstine, 98-2157 (La. App. 4 Cir. 5/5/99), 737 So.2d 197; Slack v. Alcor Group, LLC, 04-928 (La.App. 5 Cir. 12/3/04), 893 So.2d 101.
Furthermore, although not entitled as such, the motion was treated by the trial court as a motion for summary judgment. LSA-C.C.P. art. 968 provides that “An appeal does not lie from the court’s refusal to render any judgment on the pleading or summary judgment.” In Ware v. Mumford, 04-118 (La.App. 5 Cir. 5/26/04), 875 So.2d 885, 887, this Court said “Review of this type of judgment is properly taken under this Court’s supervisory jurisdiction. However, this court does |4not convert appeals into Writ Applications.” Accordingly, we will not review the judgment in this appeal.
Finally, judgment was signed by the trial court on August 10, 2004, and notice of the signing of judgment was issued on August 11, 2004. The motion for appeal was filed on September 1, 2004. LSA-C.C.P. art. 5002(A) provides that “An appeal from a judgment rendered by a city court or parish court may be taken only within ten days from the date of the judgment or from the service of notice of judgment, when such notice is necessary.” Therefore, Horizon’s appeal is untimely.
For the above reasons, this appeal is dismissed. Costs are assessed to appellant, Horizon Realty, Inc.

APPEAL DISMISSED.