WICKER, Judge.
Defendant, Mesa General Contractors, L.C.C. (“Mesa”), appeals a judgment of the trial court which awarded plaintiffs, Carol Rice and Richard D. Rice, $79,539.08 in damages for alleged negligent construction and breach of a construction contract.[1] Mesa also appeals the denial of its recon-ventional demand. As such, Mesa seeks judgment in the sum of $6,668.34, interest, reasonable attorney’s fees, and costs for the alleged balance due under the contract. In addition, Mesa asks this court to recognize its claim of privilege. For the reasons that follow, we dismiss the appeal and remand for further proceedings.
The lien was at issue in the trial court. Plaintiffs sought the cancellation of a lien against their home. On the other hand, Mesa asked that its claim of privilege be recognized. This court cannot consider the lien issue in this appeal because the trial court has yet to rule on the issue.
| ¡¡After taking this bench-tried matter under advisement, the trial judge in a 10-day period rendered two judgments. The first judgment — -August 31, 2006 — is silent as to the reconventional demand and a ruling as to the lien. The second judgment — September 15, 2006 — is identical to the first but adds a ruling denying the reconventional demand. Still, the trial judge did not rule on the lien. Mesa has *1221 appealed the second judgment, which does not determine the lien issue.
La.C.C.P. art. 1915(B)(1) provides:
When a court renders a partial judgment or partial summary judgment or sustains an exception in part, as to one or more but less than all of the claims, demands, issues, or theories, whether in an original demand, reconventional demand, cross-claim, third party claim, or intervention, the judgment shall not constitute a final judgment unless it is designated as a final judgment by the court after an express determination that there is no just reason for delay.
La. C.C.P art. 1915(B)(2) states that in the absence of such a determination and designation, the judgment is not a final judgment for the purpose of an immediate appeal. Rather, the order may be revised at any time prior to rendition of the judgment adjudicating all of the claims. See also, La.C.C.P. art.1911.
In this case, the judgment does not dispose of all of the claims, demands, issues, or theories.
This Court has relied on La.C.C.P. art. 1915 in holding that a judgment, which does not adjudicate all of the claims of all of the parties, is not appealable as a final judgment absent the trial court’s designation of the judgment as a final judgment or the making of an express determination that there is no just reason for delay. B & P Construction, Inc. v. Harold, J.A., et. al, 05-403 (La.App. 5 Cir. 12/27/05), 920 So.2d 261, 262-263.
Thus, since the judgment at issue is not a final judgment under La. C.C.P. art.1915 and it has not been properly designated a final judgment as provided in La. C.C.P. art. 1915(B), it is not appealable as one “in which appeals are given by Llaw.” La. C.C.P. art. 2083(A). Pontchartrain Tavern, Inc. v. Johnson, 07-115 (La.App. 5 Cir. 8/28/07), 966 So.2d 1062.
As in Pontchartrain Tavern, Inc. v. Johnson, supra, we have no jurisdiction over the matter. Thus, we dismiss the appeal and remand the case to the district court for that court to rule on the lien issues and to render a final judgment that addresses all of the claims and issues raised in this proceeding. We reserve the parties’ rights to appeal this final judgment.

APPEAL DISMISSED; REMANDED.

. The trial judge denied plaintiffs' claim of personal liability as to defendant, Fred L. Mesa.