ROBERT A. CHAISSON, Judge.
^Plaintiff, Khoobehi Properties, LLC (“Khoobehi”),* appeals a February 19, 2014 judgment which granted an exception of no right of action in favor of defendants Bar-onne Development No. 2, LLC (“Bar- *648 onrie”), Kailas Family Limited Partnership (“KFLP”), and Kailas Properties, LLC (“Kailas Properties”). Khoobehi also appeals a July 25, 2014 judgment which granted an exception of no cause of action in favor of Baronne, and which also granted an exception of peremption in favor of KFLP. Further,, Khoobehi appeals the denial of its motion for a new trial of Baronne’s exception of no cause of action? Because we find that the July 25 judgment is a non-appealable partial judgment, we hereby dismiss this appeal and remand the case to the trial court for further proceedings.
IííFACTS AND PROCEDURAL HISTORY
On November 25, 2013, Khoobehi filed a petition alleging various claims of breach of contract, fraud, and breach of fiduciary duty relating to Khoobehi’s previous role as a former member and owner of a 13% interest in Baronne, a corporation whose primary asset is a building located at 210 Baronne Street in New Orleans. In particular, Khoobehi alleges that Kailas Properties, the managing partner of KFLP, which owned more than 50% of Baronne during the period that Khoobehi was a member[1], failed to provide requested ac-countings or information relating to insurance proceeds received after Hurricane Katrina, failed to disburse said proceeds, and also withheld information regarding development negotiations with third parties until after Khoobehi’s sale of its interest. In the first petition’s'prayer for relief, Khoobehi requested that the court require the defendants to provide full and complete accountings of the affairs, business, and operations of Baronne, including accduntings of the insurance proceeds received and their disbursements.
On January 24,' 2014, all three defendants filed a peremptory- exception of no right of action under La. C.C.P. art. 927(A)(6), arguing that under the statutes governing Louisiana limited liability companies, the sale agreement between the parties, and the principle's of subrogation, Khoobehi does not have a right to any accounting of the business of Baronne. After a hearing on the matter, the district court issued a judgment on February 19, 2014, granting the defendants’ exception of no right of action. Subsequently, on March 7, 2014, Khoobehi filed a motion for a new trial requesting the right to amend the petition to state a right of action as allowed for under La. C.C.P. art. 934. On April 15, 2014, the district court granted the Khoobehi’s motion for new trial for the purpose of allowing it leave to amend 14its petition to address the previously urged peremptory exception of no right of action.
On April 28, 2014, Khoobehi filed an amended, supplemental, and. restated petition in which ,it alleges additional facts regarding defendants’ withholding of information as well as causes of action for negligent misrepresentation and fraud. In its prayer for relief in this second, amended petition, Khoobehi requests damages as well.as any other just and reasonable relief as allowed by law or equity. In response to this amended petition, Baronne filed a peremptory exception of no cause of action arguing that the corporation did not owe a fiduciary duty to its members, and Khoob-ehi’s cause of action for breach of fiduciary duty properly lies with KFLP, the party to whom Khoobehi sold its ownership interest. KFLP filed a peremptory exception of peremption in order to bar any of Khoobehi’s claims that were more than 3 years old at the: time of the filing of the suit, or those claims which fell before November 25, 2010. Finally, Kailas Proper *649 ties filed a dilatory exception of discussion seeking to have Kailas Properties dismissed from the case because it was merely a managing partner of KFLP. On July 25, 2014, the trial court issued a judgment which granted all of these exceptions.
On August 8, 2014, Khoobehi filed a motion for a new trial from the July 25, 2014 judgment with respect to Baronne’s exception of no cause of action and Kailas Properties’s exception of discussion.[2] Additionally, Khoobehi filed a second amended, supplemental, and restated petition naming Mohan Kailas, individually, and 210 Baronne, LLC, the new owner of the 210 Baronne building, as additional defendants. Defendants also filed a motion for partial summary judgment requesting the trial court to determine that Khoobehi’s remedy to the alleged breach of contract should be limited to rescission of the contract, not | ¿damages. After a hearing on the motions, on November 10, 2014 the district court issued a judgment denying Khoobehi’s second motion for a new trial, denying the defendants’ motion for partial summary judgment, and ordering Kailas Properties to remain a party to the suit. In its written reasons for judgment, the district court addressed the peremptory exception of no cause of action filed by Baronne and specifically found that Khoobehi’s petition had stated no valid causes of action against Baronne for breach of fiduciary duty, general principals of agency, alter ego/single business enterprise theories, conspiracy, fraud, indispensable party, or general negligence. While the district court found that Khoob-ehi had no cause of action against Bar-onne, its judgment did not specifically state that Baronne was dismissed from the case.[3]
In its appeal, Khoobehi assigns as error four rulings of the district court. First, Khoobehi argues that the district court erred in' its February 19 judgment by determining that Khoobehi lacks standing to request an accounting from Baronne; second, that the district court erred in its July 25 judgment when it granted Baronne’s exception of no cause of action; third, that the district court erred in its November 10 judgment when it denied Khoobehi’s motion for a new trial of Baronne’s exception of no cause of action; and lastly, that the district court erred in its July 25 judgment when it granted KFLP’s exception of per-emption.[4]. Khoobehi states that the jurisdiction of this Court is based on Article V, Section 10 of the Louisiana Constitution, Louisiana Code of Civil Procedure articles 1915, 2083, 2087, and 2124, and other laws.
J^DISCUSSION
Louisiana Code of Civil Procedure article 2083 section C states that “[a]n interlocutory judgment is appealable only when expressly provided by law.” La. C.C.P. art. 1915(B) further provides:
(1) When a court renders a partial judgment or partial summary judgment or sustains an exception in part, as to one or more but less than all of the claims, *650 demands, issues, or theories against a party, whither in an original demand, reconventional demand, - cross-claim, third-party claim, or intervention, the judgment shall not constitute a final judgment unless it is designated as a final judgment by the court after an express determination that there is no just reason for delay.
(2) In the absence of such a determination- and designation, any such order or decision shall not constitute a final judgment for the purpose of an immediate appeal and may be revised at any time prior to rendition of the judgment adjudicating, all the claims and the rights and liabilities of all the parties.
By virtue of its granting of Khoobehi’s initial motion for a new trial, the district court’s April 15 judgment superseded, and had the effect of vacating, its February 19 judgment on the exception of no right of action. Because neither the July 25 nor the November 10 judgments address Khoobehi’s cause of action for an accounting, nor do they address whether Khoob-ehi’s amended petitions were sufficient to remove the grounds for the exception o.f no right, of action, those judgments are not final judgments with respect to Baronne because they do not address all of the claims, demands, issues, and theories alleged by Khoobehi against Baronne. The judgments are therefore partial judgments, and none of the instances making a partial'judgment appealable provided for in La. C.C.P. art. 1915(A) apply in this instance. Additionally, there is no designation in the record that the July 25 or November 10 judgments are final for the purposes of appeal, or that there is no just reason for delay as required by La. C.C.P. art. 1915(B)(1)- In the absence of such a determination, such judgments are not appealable. Lodge at Sonterra, Ltd. v. PNC Fin. Servs. Grp., 10-745 (La.App. 5 Cir. 06/14/11), 71So.3d 973, 975; Massi v. Rome, 08-1281 (La.App. 5 Cir. 06/23/09), 19 So.3d 485, 487; Slack v. Alcor Grp., L.L.C., 04-928 (La.App. 5 Cir. 12/03/04), 893 So.2d 101, 102.
CONCLUSION
For the foregoing reasons, this Court lacks jurisdiction to consider this matter on appeal. We therefore dismiss Khoob-ehi’s appeal and remand this matter to the district court for further proceedings consistent with this opinion.

APPEAL DISMISSED

. Khoobehi was a member of Baronne from 2005 to 2011.

, Khoobehi did not file a motion for new trial with respect to KFLP’s exception of peremption,

. Defendants have filed a motion to dismiss appeal, arguing that neither the February 19, 2014 judgment, nor the July 25, 2014 judgment, contain decretal language that dismisses any party from the litigation, and therefore that neither are final, appealable judgments. Because we dismiss Khoobehi’s appeal on other grounds, we pretermit any discussion of defendants’ motion to dismiss.

.Khoobehi assigns as error the district court’s granting of KFLP’s exception of per-emption even though Khoobehi did not timely seek appellate review of this ruling, and this ruling is not the subject of Khoobehi’s motion for new trial, nor the district court’s ruling on the motion for new trial.