STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

CA 17-250


HIDDEN GROVE, LLC

VERSUS

RICHARD BRAUNS AND LESLIE BRAUNS



**********

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. C-20134910
HONORABLE LAURIE A. HULIN, DISTRICT JUDGE

**********

JOHN E. CONERY

JUDGE

**********

Court composed of John E. Conery, D. Kent Savoie, and Van H. Kyzar, Judges.


MOTION TO DISMISS APPEAL DENIED.

Patrick J. Briney
Michael Patrick Corry
Briney & Foret
Post Office Box 51367
Lafayette, LA 70505-1367
(337) 237-4070
COUNSEL FOR DEFENDANTS/APPELLANTS:
	Richard Brauns
	Leslie Brauns

**Gerald Charles deLaunay**
**Perrin, Landry, deLaunay**
**251 La Rue France**
**Lafayette, LA 70508**
**(337) 237-8500**
**COUNSEL FOR PLAINTIFF/DEFENDANT IN**
**RECONVENTION/APPELLEE**
  **Hidden Grove, LLC**
**COUNSEL FOR THIRD PARTY DEFENDANTS/APPELLEES:**
  **Jeffrey Mark Gossen**
  **Gerald Millard Gossen, Jr.**
  **Jonathan Webster Burke**

**James Lawrence Bullen**
**Strain, Dennis, Mayhall & Bate**
**Post Office Box 53319**
**Lafayette, LA 70505-3319**
**(337) 237-5900**
**COUNSEL FOR DEFENDANTS/APPELLANTS:**
  **Richard Brauns**
  **Leslie Brauns**

**CONERY, Judge.**

The Plaintiff/Defendant in Reconvention/Appellee, Hidden Grove, LLC, moves to dismiss the appeal by the Defendants/Plaintiffs in Reconvention/ Appellants, Richard and Leslie Brauns. For the reasons assigned below, we deny the motion to dismiss.

The instant litigation arises out of the purchase of lots in the Hidden Grove Subdivision. The Braunses purchased Lot 14 of this subdivision from a third party unrelated to this litigation. They purchased Lot 15 from Hidden Grove. In association with the purchase of Lot 15, the Braunses were also given a right of first refusal for Lots 16 and 17 of the subdivision by Hidden Grove.

A disagreement arose regarding the excavation of Lots 16 and 17 by the Braunses. They claim that Hidden Grove had agreed to permit them to lower the elevation of Lots 16 and 17 without having to build a retaining wall at the back of these lots. Hidden Grove contends that the excavation of Lots 16 and 17 were only approved because the Braunses had agreed to build a retaining wall at the back of these lots.

Hidden Grove filed suit seeking specific performance and damages associated with the removal of the soil from Lots 16 and 17 and the construction of a retaining wall at the back of these lots. Initially, the Braunses answered the suit and filed a reconventional demand against Hidden Grove raising a claim for damages based on detrimental reliance. The Braunses later amended that reconventional demand and also filed a third party demand seeking damages against three individuals: Jeffery Gossen, Gerald Gossen, and Jonathan Burke, based on their alleged actions and agreements with respect to the excavation.

Hidden Grove filed a motion for summary judgment seeking dismissal of the claims made by the Braunses in their reconventional demand against Hidden Grove based on detrimental reliance. The trial court granted the motion for summary judgment, and a written judgment was signed by the trial court on August 8, 2016. The pertinent part of the judgment reads, "[T]he Reconventional Demand filed by Defendants, Richard Brauns and Leslie Brauns, against Plaintiff, Hidden Grove, LLC, be and is hereby dismissed with prejudice." Notice of the signing of this judgment was mailed to the parties by the district court's clerk's office on August 17, 2017.

On October 4, 2016, the Braunses filed their Motion to Certify Judgment as Final. By a written judgment signed on October 18, 2016, the trial court granted this motion, certifying the judgment of August 8 as final for the reasons set forth by the Braunses in their motion. The district court's clerk's office certified that notice of the rendition of this judgment was sent to the parties' counsel on October 24, 2016.

On December 28, 2016, the Braunses filed their Motion for Devolutive Appeal. The trial court granted the order of appeal on January 3, 2017. This court lodged the record in this appeal on March 13, 2017. On May 3, 2017, Hidden Grove filed the Motion to Dismiss Appeal *sub judice*.

Hidden Grove's first argument in support of dismissing the Braunses' appeal is that the appeal is untimely because the appealed judgment falls under the provision of La.Code Civ.P. art. 1915(A) such that the delay for applying for a new trial and for seeking an appeal began running when notice was mailed of the August 8 judgment. Alternatively, Hidden Grove contends that even if the judgment had to be designated as final pursuant to La.Code Civ.P. art. 1915(B), the

2

appeal should still be dismissed. First, Hidden Grove asserts that the request for designation of the judgment as final was untimely presented to the trial court. Alternatively to this argument, Hidden Grove argues that the motion for appeal was not filed within sixty days of the order designating the August 8 judgment as final.

Louisiana Code of Civil Procedure Article 1915 provides:

A. A final judgment may be rendered and signed by the court, even though it may not grant the successful party or parties all of the relief prayed for, or may not adjudicate all of the issues in the case, when the court:

(1) Dismisses the suit as to less than all of the parties, defendants, third party plaintiffs, third party defendants, or intervenors.

(2) Grants a motion for judgment on the pleadings, as provided by Articles 965, 968, and 969.

(3) Grants a motion for summary judgment, as provided by Articles 966 through 969, but not including a summary judgment granted pursuant to Article 966(E).

(4) Signs a judgment on either the principal or incidental demand, when the two have been tried separately, as provided by Article 1038.

(5) Signs a judgment on the issue of liability when that issue has been tried separately by the court, or when, in a jury trial, the issue of liability has been tried before a jury and the issue of damages is to be tried before a different jury.

(6) Imposes sanctions or disciplinary action pursuant to Article 191, 863, or 864 or Code of Evidence Article 510(G).

B. (1) When a court renders a partial judgment or partial summary judgment or sustains an exception in part, as to one or more but less than all of the claims, demands, issues, or theories against a party, whether in an original demand, reconventional demand, cross-claim, third-party claim, or intervention, the judgment shall not constitute a final judgment unless it is designated as a final judgment by the court after an express determination that there is no just reason for delay.

(2) In the absence of such a determination and designation, any such order or decision shall not constitute a final judgment for the purpose of an immediate appeal and may be revised at any time prior to rendition of the judgment adjudicating all the claims and the rights and liabilities of all the parties.

C. If an appeal is taken from any judgment rendered under the provisions of this Article, the trial court shall retain jurisdiction to adjudicate the remaining issues in the case.

In *First Bank and Trust v. Proctor's Cove II*, 10-1 (La.App. 5 Cir. 3/16/10), 37 So.3d 1019, *writ denied*, 10-860 (La. 6/18/10), 38 So.3d 328, the plaintiff brought suit against the defendant based on a promissory note. In response the defendant filed a reconventional demand. The trial court dismissed the reconventional demand on exceptions filed by the plaintiff. When the defendant pursued an appeal from that judgment, the plaintiff moved to dismiss the appeal based on the lack of a designation of the judgment as final pursuant to La.Code Civ.P. art. 1915(B). The appellate court agreed with the plaintiff and dismissed the appeal without prejudice. *See also Brown v. Loraso*, 11-196 (La.App. 5 Cir. 10/27/11), 77 So.3d 455, *and Slack v. Alcor Group, L.L.C.*, 04-928 (La.App. 5 Cir. 12/3/04), 893 So.2d 101. We agree with the holdings in these cases; therefore, we find that the judgment at issue in the instant case was not subject to an immediate appeal without being designated as final by the trial court's October 18, 2016 ruling. This holding is made even more reasonable in the instant case where the judgment only dismisses the Braunses' claims against Hidden Door and leaves undisturbed the Braunses' claims based on the same allegations against the three third party defendants.

Until the judgment of August 8 was designated final, we also find that a motion for new trial would have been premature. Without a designation of finality pursuant to La.Code Civ.P. art. 1915(B), the ruling was interlocutory. Article

4

1915(B)(2) specifically states that, lacking a designation, the judgment is not final for purposes of an immediate appeal and the judgment is subject to revision by the trial court. *See Hayward v. Hayward*, 12-720 (La.App. 1 Cir. 3/18/13), 182 So.3d 966. A motion for new trial can only be filed as to a final judgment and does not lie from an interlocutory ruling. *See Carter v. Rhea*, 01-234 (La.App. 4 Cir. 4/25/01), 785 So.2d 1022. Furthermore, a motion for new trial filed prior to entry of a final judgment is premature and without legal effect. *Bordelon v. Dauzat*, 389 So.2d 820 (La.App. 3 Cir. 1980). Accordingly, we find that the delay for seeking a new trial did not begin to run until notice was mailed of the signing of the October 18 judgment designating the August 8 judgment final. When the delays for filing a motion for new trial are added to the sixty days within which a devolutive appeal may be taken, it is clear that the Braunses' appeal was timely perfected. La.Code Civ.P. arts. 1974 and 2087.

Finally, we note that Hidden Grove contends that the motion seeking the designation of the judgment as final should itself be held to have been filed untimely. We find no support for such a proposition in the words of La.Code Civ.P. art. 1915, and, to the contrary, find that as this statute is currently worded, Hidden Grove's suggestion is clearly without merit. Article 1915 not only provides that the judgment rendered pursuant to Article 1915(B) is not final without its being designated as such, Article 1915(B)(2) inferentially provides that review may be sought of any partial judgment not previously designated as final as of the time that a complete adjudication of the action is rendered. *See for instance Setliff v. Slayter*, 09-817 (La.App. 3 Cir. 8/26/09), 19 So.3d 43. Thus, had the trial court not designated the August 8 judgment final in its October 18 ruling, this judgment could have been appealed whenever a complete adjudication of this

action was rendered, which would have been even later than December 28 when the current appeal was taken.

For the foregoing reasons, we deny the motion to dismiss the appeal.

**MOTION TO DISMISS APPEAL DENIED.**