# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## CA 17-250


**HIDDEN GROVE, LLC**

**VERSUS**

**RICHARD BRAUNS AND LESLIE BRAUNS**

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. C-20134910
HONORABLE LAURIE A. HULIN, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

## BILLY HOWARD EZELL
## JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of John D. Saunders, Billy Howard Ezell, and Phyllis M. Keaty, Judges.


**AFFIRMED.**

**Patrick J. Briney**
**Michael Patrick Corry, Sr.**
**Briney Foret Corry**
**P. O. Box 51367**
**Lafayette, LA 70505-1367**
**(337) 237-4070**
**COUNSEL FOR DEFENDANTS/APPELLANTS:**
  **Richard Brauns**
  **Leslie Brauns**

**Gerald C. deLaunay**
**Perrin, Landry, deLaunay**
**P.O. Box 53597**
**Lafayette, LA 70505**
**(337) 237-8500**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
  **Hidden Grove, LLC**

**EZELL, Judge.**

Richard and Leslie Brauns appeal the decision of the trial court granting summary judgment in favor of Hidden Grove, LLC, thereby dismissing their reconventional demand claims of detrimental reliance. For the following reasons, we hereby affirm the decision of the trial court.

The relevant facts of this case were noted in our prior opinion, *Hidden Grove, LLC v. Brauns*, 17-250, p.1 (La.App. 3 Cir. 5/17/17), 219 So.3d 1169, 1171, as follows:

> The instant litigation arises out of the purchase of lots in the Hidden Grove Subdivision. The Braunses purchased Lot 14 of this subdivision from a third party unrelated to this litigation. They purchased Lot 15 from Hidden Grove. In association with the purchase of Lot 15, the Braunses were also given a right of first refusal for Lots 16 and 17 of the subdivision by Hidden Grove.
>
> A disagreement arose regarding the excavation of Lots 16 and 17 by the Braunses. They claim that Hidden Grove had agreed to permit them to lower the elevation of Lots 16 and 17 without having to build a retaining wall at the back of these lots. Hidden Grove contends that the excavation of Lots 16 and 17 were only approved because the Braunses had agreed to build a retaining wall at the back of these lots.
>
> Hidden Grove filed suit seeking specific performance and damages associated with the removal of the soil from Lots 16 and 17 and the construction of a retaining wall at the back of these lots. Initially, the Braunses answered the suit and filed a reconventional demand against Hidden Grove raising a claim for damages based on detrimental reliance. The Braunses later amended that reconventional demand and also filed a third party demand seeking damages against three individuals: Jeffery Gossen, Gerald Gossen, and Jonathan Burke, based on their alleged actions and agreements with respect to the excavation.

Hidden Grove filed a motion for summary judgment seeking dismissal of the Braunses' reconventional demand claims of detrimental reliance. When the Braunses failed to timely file their opposition to the motion for summary judgment, Hidden Grove filed a motion to strike their opposition and the attached affidavit of Mr.

Brauns.  The trial court granted the motion to strike, then granted the motion for summary judgment.  From that decision, the Braunses appeal.

The Braunses assert one assignment of error on appeal, claiming that the trial court erred in holding that the parol evidence rule applied to their claims, rendering inadmissible Mr. Brauns' affidavit testimony.  We disagree.

> Summary judgment procedure is favored and "is designed to secure the just, speedy, and inexpensive determination of every action . . . . and shall be construed to accomplish these ends." La.Code Civ.P. art 966(A)(2). In reviewing the trial court's decision on a motion for summary judgment, this court applies a de novo standard of review. *Jackson v. City of New Orleans*, 12-2742, 12-2743 (La. 1/28/14), 144 So.3d 876, *cert. denied*, — U.S. — , 135 S.Ct. 197 (2014).

> The burden of proof is on the mover unless the mover will not bear the burden of proof at trial, in which case the mover is not required to negate all essential elements of the adverse party's claim, but only to point out to the court the absence of factual support for one or more of the elements necessary to the adverse party's claim. La.Code Civ.P. art. 966(D)(1). "The burden is on the adverse party to produce factual support sufficient to establish the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law." *Id.*

> "After an opportunity for adequate discovery, a motion for summary judgment shall be granted if the motion, memorandum, and supporting documents show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law." La.Code Civ.P. art. 966(A)(3).

> > A fact is material if it potentially ensures or precludes recovery, affects a litigant's ultimate success, or determines the outcome of the legal dispute. A genuine issue of material fact is one as to which reasonable persons could disagree; if reasonable persons could reach only one conclusion, there is no need for trial on that issue and summary judgment is appropriate.

*Baez v. Hosp. Serv. Dist. No. 3 of Allen Parish,* 16-951, pp.4-5 (La.App. 3 Cir. 4/5/17), 216 So.3d 98, 102 (quoting *Jackson*, 144 So.3d at 882)(footnote omitted).

Motions for summary judgment are governed by La.Code Civ.P. arts. 966 and 967.  The most recent amendment to La.Code Civ.P. art. 966(B)(2) altered the

deadlines for filing motions for summary judgment and oppositions thereto, and now provides: "Any opposition to the motion and all documents in support of the opposition shall be filed and served in accordance with Article 1313 not less than fifteen days prior to the hearing on the motion." The time limit set forth by La.Code Civ.P. art. 966 for the serving of affidavits in opposition to a motion for summary judgment is mandatory." See *Buggage v. Volks Constructors*, 06-175 (La. 5/5/06), 928 So.2d 536; *Guillory v. Chapman*, 10-1370 (La. 9/24/10), 44 So.3d 272.

The Braunses couch their appeal as if Mr. Brauns' affidavit testimony was not considered because of its contents. However, even a cursory review of the record would show that it was not considered because it was untimely. The deadline for filing an opposition to Hidden Grove's motion for summary judgment was June 13, 2016. The opposition was filed one full week past that deadline, on June 20, 2016. Counsel for the Braunses openly admitted at the hearing below that the opposition including the affidavit, was untimely. The trial court granted Hidden Grove's motion to strike the opposition and affidavit and did not consider the evidence attached thereto in making its ruling. There was no error in that action. In fact, the ruling on the motion to strike has not even been appealed. Though the trial court did mention parol evidence in his reasons, "[a]ppeals are taken from the judgment, not the written reasons for judgment." *Wooley v. Lucksinger*, 09-571, 09-584, 09-585, 09-586, p. 77 (La. 4/1/11), 61 So.3d 507, 572 (quoting *Greater New Orleans Expressway Comm'n v. Olivier*, 02-2795, p. 3 (La. 11/18/03), 860 So.2d 22, 24.)

The judgment at issue here granted summary judgment in favor of Hidden Grove. Though the Braunses' assignment of error only deals with the admissibility of the affidavit and does not directly challenge the trial court's ruling on the motion for summary judgment, we will review that decision for the sake of thoroughness.

3

"To establish detrimental reliance, a party must prove three elements by a preponderance of the evidence: (1) a representation by conduct or word; (2) justifiable reliance; and (3) a change in position to one's detriment because of the reliance." *Louisiana Office of Risk Mgmt. v. Richard*, 13-890, p. 5 (La. 10/15/13), 125 So.3d 398, 402. Under Louisiana law, "it is difficult to recover under the theory of detrimental reliance because estoppel is not favored." *Id.*

The evidence attached to Hidden Grove's motion for summary judgment is the only evidence we may consider in our review. After our de novo review of that limited evidence, we find that the Braunses cannot satisfy their burden of proof with respect to their claims for detrimental reliance. The sale documents in record show no language referring to the excavation of lots 16 and 17, either as a condition of the sale or otherwise. On December 20, 2012, after the sale of the property and before the excavation began, Hidden Grove informed the Braunses that "[a]ny excavation must not interfere with the maximum allowable footprint of future home or homes." Mr. Brauns acknowledged this on January 18, 2013, via his signature. While it is clear that the excavation was discussed, the evidence properly before us does not establish any actual promise by Hidden Grove to allow the excavation of lots 16 and 17, any terms or requirements for the approval of such excavation, or any change in position by the Braunses to their actual detriment. As such, the Braunses did not show that they can prevail on any claims for detrimental reliance, as there is no evidence supporting their claim. The trial court did not err in granting summary judgment in favor of Hidden Grove.[1]

---

[1] Even had Mr. Brauns' affidavit been timely and considered, the trial court's decision would likely still stand, as any testimony therein would have *then* been correctly excluded as improper parol evidence, as the Braunses claimed that the excavation was a precondition of the sale, while the sale documents themselves set forth nothing at all regarding excavation of lots 16 and 17. However,

For the above reasons, the decision of the trial court is hereby affirmed. Costs of this appeal are hereby assessed against the Braunses.

**AFFIRMED.**

This opinion is NOT DESIGNATED FOR PUBLICATION. Uniform Rules—Courts of Appeal. Rule 2-16.3.

---

since the Braunses' evidence was stricken for being untimely, any argument as to the actual nature of the contents of the affidavit are moot and need not be addressed further.