MARC E. JOHNSON, Judge.
12Plaintiff, the Parish of Jefferson, appeals the trial court’s sustaining of a peremptory exception of no cause of action filed by defendant, Louis Marcotte, III. For the reasons that follow, we affirm.

FACTS & PROCEDURAL HISTORY

On January 28, 2005, the Parish of Jefferson (“the Parish”) filed suit against Bankers Insurance Company (“Bankers”) and Louis Marcotte, III (“Marcotte”) seeking an accounting and monies due under La. R.S. 13:718. Under La. R.S. 13:718(I)(2), a premium fee is due for all commercial surety underwriters who write criminal bail bonds in Jefferson Parish. The Parish alleged that between November 9, 2001 and August 15, 2003, defendants underpaid these premium fees. It asserted that Bankers, as a surety underwriter, was obligated to collect premium fees from its agent, Marcotte, and forward the premium fees to the Department of ^Insurance.[1] The Parish alleged defendants underpaid the premium fees by at least $100,508.
Bankers answered the lawsuit, but Mar-cotte filed a peremptory exception of no cause of action claiming he had no duty to remit or report the premium fees to the Parish. The trial court agreed and sustained the exception of no cause of action. The trial court gave the Parish 15 days to amend its petition, under La. C.C.P. art. 934, to state a cause of action against Marcotte if it could.
The Parish timely amended its lawsuit by adding three paragraphs. In its amended petition, the Parish asserted Marcotte exceeded the scope of his agency by underpaying or under-reporting the premium fees to Bankers. As a result, the Parish alleged Marcotte either became an underwriter within the meaning of La. R.S. 13:718 or became personally liable to the Parish for the underpayment of the premium fees.
Marcotte filed a second exception of no cause of action. After a hearing, the trial court granted Marcotte’s second exception of no cause of action and dismissed the Parish’s lawsuit against Marcotte with prejudice. The trial court explained that the Parish’s theory of recovery was based on La. R.S. 13:718. The trial court concluded the statute only imposes a duty for reporting and payment of premium fees on the underwriter and not on the agents. It found any duty Marcotte owed was to his *1085 principal, Bankers. The trial court noted that even if Marcotte exceeded the scope of his agency by under-reporting the premiums, Marcotte’s duty was to his principal and the Parish could not benefit from the breach of this duty. The Parish appeals the trial court’s ruling.

ISSUES

|/The Parish argues the trial court erred in granting Marcotte’s exception of no cause of action because Marcotte had an independent duty to the Parish under La. R.S. 13:718 to fully and accurately report the premium fees owed. The Parish also contends Marcotte became personally liable for the premium fees when he exceeded his authority as an agent and became a de facto underwriter for purposes of the statute. Finally, the Parish asserts Mar-cotte became personally liable for negligent misrepresentation.

DISCUSSION

The purpose of the peremptory exception of no cause of action is to test the legal sufficiency of the petition by determining whether the law affords a remedy on the facts alleged in the petition. Schejfler v. Adams and Reese, LLP, 06-1774 (La.2/22/07), 950 So.2d 641, 646. The peremptory exception of no cause of action is triable on the face of the pleadings, and, for purposes of resolving issues raised by the exception, the well-pleaded facts in the petition must be accepted as true. No evidence may be introduced at any time to support or controvert an exception of no cause of action. La. C.C.P. art. 931; Wood v. Omni Bancshares, Inc., 10-216 (La.App. 5 Cir. 4/26/11), 69 So.3d 475, 479. The issue at the trial of the exception is whether, on the face of the petition, the plaintiff is legally entitled to the relief sought. Scheffler, 950 So.2d at 646.
Because Louisiana uses a system of fact pleading, a plaintiff is not required to plead the theory of recovery in his petition; however, mere conclusions of the plaintiff unsupported by facts will not set forth a cause of action. State, Div. of Admin., Office of Facility Planning and Control v. Infinity Surety Agency, LLC, 10-2264 (La.5/10/11), 63 So.3d 940, 946. The mover bears the burden of demonstrating that the petition fails to state a cause of action. Because the exception of no cause of action raises a question of law and the trial court’s ^decision is based solely on the sufficiency of the petition, review of the trial court’s ruling on the exception is de novo. Id.
Accepting all the allegations in the Parish’s petition as true and applying the legal principles set forth above, we find the Parish’s petition fails to state a cause of action against Marcotte. First, we find La. R.S. 13:718 does not impose a duty on Marcotte, as Bankers’ agent, to either report or remit premium fees to the Parish. During the time the Parish alleges defendants underpaid the premium fees, La. R.S. 13:718(I)(2)(a) provided in pertinent part, "... there is hereby imposed a fee on premium for all commercial surety underwriters who write criminal bail bonds in Jefferson Parish. The fee shall be equal to fifty dollars for each ten thousand dollars worth of liability underwritten by the surety.” Subsection 2(b) provides:
Each commercial surety underwriting criminal bail bonds in the Twenty-Fourth Judicial District Court shall submit a report each quarter to the commissioner of insurance. The report shall contain the amount of criminal bail bond liability written in the Twenty-Fourth Judicial District Court and shall contain a calculation of the premium fee due. The premium fee due shall accompany the report. The report shall be due *1086 within fifteen days of the close of the quarter for which the report is filed.
Under Subsection 2(c), the commissioner of insurance has the duty to maintain the premium fees in a special account and then remit payment to the judicial administrator for the 24th Judicial District Court each calendar quarter.
By the plain wording of the statute, it is the commercial surety who underwrites the bonds that has the duty to report and pay premium fees, not the surety’s agent. Thus, contrary to the Parish’s argument, the statute does not impose an independent duty on Marcotte, as Bankers’ agent, to report and remit premium fees established by La. R.S. 13:718. As such, there is no cause of action against Marcotte under La. R.S. 13:718.
1 ^Second, we find the Parish has failed to state a cause of action against Marcotte for personal liability, either for exceeding his scope of authority or for negligent misrepresentation. The only factual allegations in the Parish’s petition pertaining to Marcotte are as follows: (1) Marcotte was the primary agent for Bankers in Jefferson Parish; (2) at some point Bankers severed ties with Marcotte; (3) Marcotte’s bail bond license was revoked; and (4) during the pertinent time period, Marcotte sent Bankers an electronic disk itemizing each bond issued and the premium fee owed. From these alleged facts, the Parish asserts Marcotte exceeded his authority and under-reported or underpaid the premium fees owed under La. R.S. 13:718.
Even assuming the alleged facts are true, the Parish has failed to state a cause of action against Marcotte. Under La. C.C. art. 3019, an agent who exceeds his authority is personally bound to the third person with whom he contracts. Since there is no allegation that Marcotte and the Parish entered into any contract, Mar-cotte cannot be personally liable to the Parish, even if he exceeded his authority.
The Parish argues that Marcotte became a de facto underwriter when he exceeded his authority as an agent of Bankers and, therefore, is liable to the Parish as an underwriter under La. R.S. 13:718. We find no merit to this argument because there is absolutely nothing in the Parish’s petition that suggests Marcotte exceeded his authority as an agent for Bankers or personally represented himself as an underwriter other than the Parish’s conclusory statements unsupported by any facts.
We further find the Parish has failed to state a cause of action for negligent misrepresentation. Louisiana allows recovery in tort for purely economic loss 17caused by negligent misrepresentation where privity of contract is absent. Barrie v. V.P. Exterminators, Inc., 93-679 (La.10/18/93), 625 So.2d 1007, 1014. For the cause of action to arise, there must be a legal duty on the part of the defendant to supply correct information to the plaintiff, there must be a breach of that duty, and the breach must have caused plaintiff damage. Id., at 1015; Ponthier v. Manalla, 06-632 (La.App. 5 Cir. 1/30/07), 951 So.2d 1242, 1253. Whether Marcotte owed a duty to the Parish is a question of law. Id.
The Parish has failed to sufficiently allege facts showing that Marcotte owed any duty to report the bonds he wrote for Bankers in Jefferson Parish to the Parish for purposes of calculating premium fees. The Parish further failed to allege facts to show it relied on information Marcotte provided or was even aware of or saw the information Marcotte provided.

DECREE

Accordingly, we affirm the trial court’s ruling sustaining Marcotte’s exception of *1087 no cause of action and dismissing the Parish’s lawsuit against Marcotte with prejudice.

AFFIRMED

. La. R.S. 13:718 was amended, effective August 15, 2003, to provide that the premium fees were to be paid to the Jefferson Parish Sheriff's Office as opposed to the Department of Insurance. However, the underpayments in this case are alleged to have occurred prior to the amendment.