CHAISSON, J.
| ^Plaintiff, Khoobehi Properties, L.L.C. (“Khoobehi Properties”), appeals a May 13,2016 judgment of the district court that sustained various exceptions filed by co-defendants Baronne Development No. 2, L.L.C. (“Baronne Development”), 210 Bar-onne, L.L.C. (“210 Baronne”), and Kailas Properties, L.L.C. (“Kailas Properties”). Khoobehi Properties also attempts to appeal a July 25, 2014 judgment of the district court that sustained an exception of peremption filed by defendant Kailas Family Limited Partnership (“KFLP”), and further seeks this Court’s supervisory review of a ruling of the district court that denied its motion to compel discovery.[1] Additionally, defendant Chandra Mohan Kailas seeks this Court’s supervisory review of a ruling of the district court that denied his motion to compel discovery and also denied his motion to quash Khoobehi Properties’ discovery requests served on a non-party accountant.[2]
For the following reasons, we dismiss that portion of Khoqbehi Properties’ appeal that seeks revievy of the July 25, 2014 judgment sustaining KFLP’s exception of peremption; we reverse that portion of the district court’s May 13, 2016 judgment that sustained Kailas Properties’ exception of discussion, and in all other respects we affirm the judgment of the district court. Additionally, we deny the writ applications of both Khoobehi Properties and Mr. Kai-las regarding discovery issues and remand this matter to the district court for proceedings consistent with this opinion.
FACTS AND PROCEDURAL HISTORY
This case comes before us on a second appeal, the first appeal having, been dismissed on the grounds that the judgment at issue was interlocutory rather than final in nature. Khoobehi Props., L.L.C. v. Baronne Dev. No. L.L.C., 15-117 (La.App. 5 Cir. 11/19/15), 178 So.3d 647, writ denied, 16-0048 (La. 2/26/16), 187 So.3d 1002. Though Khoobehi Properties has amended its petition, the alleged facts remain essentially the same as those set forth in this Court’s previous opinion.
This case arises from a contract for the sale of Khoobehi Properties’ membership interest in Baronne Development, a limited liability company whose primary asset consisted of a high rise building located at 210 Baronne Street in downtown New Orleans. In the contract of sale, Khoobehi Properties sold its 13% membership interest in Baronne Development to KFLP. The sale was negotiated and executed by Dr. Kam-ran Khoobehi, the managing member of Khoobehi Properties, and Mr. Kailas, the managing member of Kailas Properties, which is the managing general partner of KFLP. At the time of the 2013 sale, KFLP owned a greater than 50% controlling interest in Baronne Development. The sale of Khoobehi Properties’ membership interest was initially memorialized in an “Agreement for Sale of a Limited Liability Interest” on May 9, 2013, and was completed on June 17, 2013, with the execution of a “Sale, Assignment, and Transfer of Membership Interests.” Both of these doc *293 uments were signed by Dr. Khoobehi and Mr. Kailas. Following the sale, in August of 2013, Dr. Khoobehi learned of plans to redevelop the upper floors of the 210 Bar-onne building into luxuiy condominiums. He claims that these development plans were being made and negotiated without his knowledge, prior to the sale of Khoob-ehi Properties’ membership interest.
On November 25, 2013, Khoobehi Properties filed a petition against Baronne Development, KFLP, and Kailas Properties wherein it alleged the facts stated above regarding the sale of its membership interest to KFLP, and also that it had never received an asset distribution from Baronne Development at any time while it was a member from 2005 to 2013. It also alleged that during that same time period, Dr. Khoobehi made repeated requests of Mr. Kailas for a full and | .^complete accounting of Baronne Development’s business and financial records, but that this accounting was never provided. Though acknowledging that it had sold and transferred its interest in Bar-onne Development and was therefore no longer a member, Khoobehi Properties nevertheless demanded an accounting from Baronne Development and the other defendants from that time period for which it was a member, pursuant to La. R.S. 12:1319. Damages were not sought as part of this initial petition.
On January 24, 2014, Baronne Development, KFLP, and Kailas Properties filed a peremptory exception of no right of action pursuant to La. C.C.P. Art. 927(A)(6), wherein they argued that under the statutes governing Louisiana limited liability companies, the sale agreement between the parties, and the principles of subrogation, Khoobehi Properties no longer has a right to an accounting of the business of Baronne Development. After a hearing on the matter, the district court issued a judgment on February 19, 2014, sustaining the defendants’ exception of no right of action. Subsequently, on March 7, 2014, Khoobehi Properties filed a motion for a new trial requesting the right to amend the petition to state a right of action as allowed for pursuant to La. C.C.P. Art. 934. On April 15, 2014, the district court granted the motion for new trial for the purpose of allowing Khoobehi Properties leave to amend its petition to address the previously urged peremptory exception of no right of action.
On April 28, 2014, Khoobehi Properties filed its first amended, supplemental, and restated petition wherein it restated the allegations against the three corporate defendants, repeated its request for an accounting from Baronne Development, and made new allegations under theories of breach of contract, breach of fiduciary duty, negligent misrepresentation, alter ego/single business enterprise, conspiracy, and fraud. In its prayer for relief in this amended petition, Khoobehi Properties also requested damages and any other equitable relief, in ^addition to its request for an accounting. In response to this petition, the corporate defendants filed various exceptions: Baronne Development filed a peremptory exception of no cause of action, contending that Khoobehi Properties had failed to allege facts sufficient under any theory to constitute a cause of action against Baronne Development; KFLP filed a peremptory exception of peremption in which it sought to bar all of Khoob-ehi Properties’ claims that arose prior to November 25, 2010, which was three years prior to the time of filing of the suit; Kailas Properties filed a dilatory exception of discussion in which it argued that Khoobehi Properties should be required to enforce its rights against KFLP before pursuing Kailas Properties because, as á partner in KFLP, Kailas Properties is only secondarily liable for KFLP’s debts. On *294 July 25, 2014, after a hearing on these exceptions (as well as some discovery related motions), the district court issued a judgment sustaining all of the defendants’ exceptions.
On August 8, 2014, Khoobehi Properties filed a motion for new trial from the July 25, 2014 judgment with respect to Baronne Development’s exception of no cause of action and Kailas Properties’ exception of discussion, but not with respect to KFLP’s exception of peremption.[3] Khoobehi Properties also filed a second amended, supplemental, and restated petition wherein it named as additional defendants Mr. Kai-las, individually, and 210 Baronne, which was organized in September 2013 and is the current owner of the 210 Baronne Street property. This amended petition also included additional allegations that, on or prior to June 17, 2013, Mr. Kailas, in his personal capacity and as an agent for Bar-onne Development, KFLP, and Kailas Properties, made misstatements and failed to disclose material facts to Dr. Khoobehi about the plans and intentions | ^regarding the development, exchange, leasing, marketing, transfer, and use of the 210 Bar-onne Street property. Khoobehi Properties alleged that Mr. Kailas took these actions in order to -wrongfully induce Khoobehi Properties to sell its interest for substantially less than it would have sold for had the misrepresentations not been made and the material information disclosed, and to obtain an unjust advantage over, and to cause damage and inconvenience to, Khoobehi Properties.[4]
On October 8, 2014, KFLP and Mr. Kai-las filed an answer to Khoobehi Properties’ second amended and supplemental petition in which they denied that material information was withheld from, or misrepresentations were made to, Dr. Khoobehi. In their answer, KFLP and Mr. Kailas also stated as affirmative defenses that, inter alia, Khoobehi Properties failed to state a claim against the defendants upon which relief can be granted, that pursuant to La. R.S. 12:1502, Khoobehi Properties’ claims pre-dating November 25, 2010, are per-empted, and that Khoobehi Properties has no cause of action for any acts allegedly occurring after June 17, 2013, the date of the sale. Additionally, 210 Baronne filed a peremptory exception of no cause of action, and Kailas Properties filed another dilatory exception of discussion.
The district court rendered judgment on November 10, 2014, denying Khoobehi Properties’ motion for new trial on the issues of Baronne Development’s peremptory exception of no right of action and Kailas Properties’ dilatory exception of discussion.[5] Khoobehi Properties appealed the November 10 judgment; however, this Court dismissed the appeal on the grounds that the judgment, which did not address *295 Khoobehi Properties’ claim for an accounting by Baronne Development, was an interlocutory judgment rather than a final appealable judgment. Khoobehi Props., L.L.C., supra.
lfiIn response to this Court’s dismissal of its appeal, Khoobehi Properties filed an ex parte motion in the district court seeking a ruling as to all of its causes of action against Baronne Development, and entry of a final judgment dismissing all of its causes of action against Baronne Development, with prejudice, reserving unto Khoobehi Properties the right to appeal that judgment. Additionally, various parties filed discovery related motions: Khoobehi Properties filed a motion to compel complete responses to interrogatories, requests for production and admissions, and a motion for award of reasonable expenses, directed to all defendants; in response, Mr. Kailas filed a motion to quash Khoobehi Properties’ notice of deposition for production of records held by a third party accountant and a motion to compel discovery responses from Khoobehi Properties for questions relating to the fee agreement between Khoobehi Properties and its counsel.
At a hearing on April 12, 2016, the district court considered the outstanding exceptions filed in the defendants’ answer, the motion for an entry of a final judgment, and the various discovery motions, and on May 13, 2016, entered a ruling wherein it: granted Kailas Properties’ dilatory exception of discussion; granted 210 Baronne’s peremptory exception of no cause of action and dismissed 210 Baronne from the case with prejudice at Khoobehi Properties’ cost; granted Khoobehi Properties’ ex parte motion for entry of a final judgment, thereby dismissing Baronne Development from the case with prejudice for failure to state any cause of action or right of action against Baronne Development; denied Khoobehi Properties’ motion to compel responses to interrogatories, requests for production and admission, and for an award of reasonable expenses; denied Mr. Kailas’s motion to compel discovery responses; and denied Mr. Kailas’s motion to quash.
Khoobehi Properties timely filed an appeal of the May 13, 2016 judgment. The parties also timely sought supervisory review of the district court’s | ^interlocutory rulings on the discovery motions, and these writs have been consolidated with Khoobehi Properties’ appeal. In its appeal, Khoobehi Properties raises the following assignments of error:
1. The district court erred by determining that Khoobehi Properties lacks standing to request an accounting from Baronne Development under La. R.S. 12:1319;
2. The district court erred in sustaining Baronne Development’s exception of no cause of action and dismissing Baronne Development;
3. The district court erred in sustaining 210 Baronne’s exception of no cause of action to the second amended petition and dismissing 210 Bar-onne;
4. The district court erred in sustaining KFLP’s exception of peremption;
5. The district court erred in sustaining Kailas Properties’ exception of discussion; and
6. The district court abused its discretion or clearly erred by denying plaintiffs motion to compel.
Additionally, in an answer to the appeal, Mr. Kailas argues:
1. The district court erred in denying Mr. Kailas’s motion to quash discovery request served on non-party accountant.
*296 2. The district court erred in denying Mr. Kailas’s motion to compel discovery relating to Khoobehi Properties’ claim for attorneys’ fees.
DISCUSSION
Exception of No Right of Action filed by Baronne Development, KFLP, and Kailas Properties
La. C.C.P. Art. 927 provides for the peremptory exception of no right of action, or no interest in the plaintiff to institute the suit, which is an exception that may be brought by the defendant, the trial court, or the appellate court on its own motion. The determination of whether a plaintiff has a right of action is a question of law, which the appellate court reviews de novo, Johnson v. Motiva Enters., LLC, 13-305 (La.App, 5 Cir. 10/30/13), 128 So.3d 483, 488.
Khoobehi Properties argues that under La. R.S. 12:1319, a former member of a limited liability corporation may request an accounting for at least that period of time when it was a member of the LLC. Defendants argue, on the other hand, Isthat Khoobehi Properties relinquished its right to an accounting when it sold and transferred its membership interest in the LLC.
La. R.S. 12:1319 provides, in pertinent part:
B. Unless otherwise provided in the articles of organization or an operating agreement, a member may do any of the following:
(1) At the member’s own expense, inspect and copy any limited liability company record upon reasonable request during ordinary business hours.
(2) Obtain from time to time upon reasonable demand the following:
(a) True and complete information regarding the state of the business and financial condition of the limited liability company.
(b) Promptly after becoming available, a copy of the limited liability company’s federal and state income tax returns for each year.
(c) Other information regarding the affairs of the limited liability company as is just and reasonable.
(3)Demand a formal accounting of the limited liability company’s affairs whenever circumstances render it just and reasonable.
According to the plain language of this statute, the right to obtain and inspect the records of the limited liability company is reserved to members of the LLC. Channelside Servs., LLC v. Chrysochoos Grp,, Inc., 15-0064 (La.App. 4 Cir. 5/13/16), 194 So.3d 751, 760. When a law is clear and unambiguous and its application does not lead to absurd consequences, the law shall be applied as written. La. C.C. Art. 9. There is nothing in this statute that suggests that the right to an accounting from the LLC is extended to nonmembers. Khoobehi Properties is no longer a member of Baronne Development since it sold its 13% membership interest to KFLP. As expressly defined in another article of the Louisiana Limited Liability Companies Act, La. R.S. 12:1301(A)(14), “membership interest” means a member’s rights in a limited liability company, collectively, including the member’s share of the profits and losses of the limited liability company, the rights |flto receive distributions of the limited liability company’s assets, and any right to vote or participate in management. Khoobehi Properties relinquished its right to an accounting from Baronne Development when it executed the “Sale, Assign *297 ment, and Transfer of Membership Interests” in favor of KFLP on June 17, 2013, and therefore has no right of action for an accounting against Baronne Development. We therefore affirm that portion of the trial court’s judgment sustaining the exception of no right of action.

Exception of No Cause of Action by Bar-onne Development

The exception of no cause of action tests the legal sufficiency of the petition by determining whether the law affords a remedy on the facts alleged in the pleading. Hurricane Fence Co. v. Jensen Metal Prods., 12-956 (La.App. 5 Cir. 5/23/13), 119 So.3d 683. The appellate court reviews a trial court’s ruling sustaining an exception of no cause of action de novo because the exception raises a question of law and the court’s decision is based solely on the sufficiency of the petition. Johnson v. Motiva Enters., LLC, 128 So.3d at 488. The peremptory exception of no cause of action is triable on the face of the pleadings, and, for purposes of resolving issues raised by the exception, the well-pleaded facts in the petition must be accepted as true. Par. of Jefferson v. Bankers Ins. Co,, 11-590 (La.App. 5 Cir. 2/28/12), 88 So.3d 1082, 1088. No evidence may be introduced at any time to support or controvert an exception of no cause of action. Id. Because Louisiana uses a system of fact pleading, a plaintiff is not required to plead the theory of recovery in his petition; however, mere conclusions of the plaintiff unsupported by facts will not set forth a cause of action. Id.
Khoobehi Properties argues that the district court erred in sustaining Baronne Development’s exception of no cause of action without leave to amend because its petition adequately states a cause of action against Baronne Development under theories of breach of fiduciary duty, principal-agent, single hobusiness enterprise, conspiracy, and fraud. We address each of these theories in turn.
Breach of Fiduciary Duty
Khoobehi Properties argues that Louisiana law clearly obligates limited liability companies like Baronne Development to disclose material information about the LLC to .members like Khoobehi Properties, and imposes liability on the LLC when that duty is breached by a member or other representative of the LLC. Khoobehi Properties’ position is unsupported by Louisiana law. None of the provisions of the Louisiana Limited Liability Companies Act, La. R.S. 12:1301-12:1370, state that the LLC owes a fiduciary duty to its members. Because the LLC is a fictional juridical entity, it can act only through its members; therefore, the statutes set forth the duties that members of the LLC owe to each other, not duties that the LLC owes to its members. La. R.S, 12:1314(A)(1) states that the manager “[s]hall be deemed to stand in a fiduciary relationship to the limited liability company and its members and shall discharge his duties in good faith, with the diligence, care, judgment, and skill which an ordinary prudent person in a like position would exercise under similar circumstances.” As the managing member of Bar-onne Development, KFLP owed the fiduciary duty to its fellow members of the LLC, including Khoobehi Properties. To argue that the LLC itself owes a fiduciary duty to its members is to essentially posit that all of the members of the LLC have a fiduciary duty to themselves and to all of their fellow members, which is clearly contrary to the plain language of La. R.S. 12:1314. Accordingly, we find that the facts as alleged in Khoobehi Properties’ petition do not set forth a cause of action against Baronne Development for breach of fiduciary duty.
*298 Principal-Agent
Khoobehi Properties argues that Mr. Kailas was acting as an agent on behalf of Baronne Development while participating in the negotiations with third parties |ri regar ding the redevelopment of the 210 Baronne building prior to Khoob-ehi Properties’ sale of its membership interest. Under general mandate law, the knowledge of an agent or mandatory is imputed to the principal even if the agent neglected to specifically convey those facts to the principal. General American Oil Co. v. Meche, 442 So.2d 496, 499 (La. App. 3 Cir. 1983). For these reasons, a principal may be liable for its agent’s actions. Urbeso v. Bryan, 583 So.2d 114, 116 (La. App. 4 Cir. 1991). This general rule is applicable in those situations where the agent or mandatory acts for the LLC in such a way as to make the LLC liable to a third party. See La. R.S. 12:1317. However, this general rule does not apply where there are specific provisions which govern the liability between members of the same LLC, such as those set forth in La. R.S. 12:1314-1317. In this case, the general principles of agency must yield to the specific statutes governing LLCs. Channelside Servs., LLC v. Chrysockoos Grp., Inc,, 194 So.3d at 761. This conclusion is further supported by the language of La. R.S. 12:1320(A) of the Louisiana Limited Liabilities Companies Act which states, “[t]he liability of members, managers, employees, or agents, as such, of a limited liability company organized and existing under this Chapter shall at all times be determined solely and exclusively by the provisions of this Chapter.” We find that the facts alleged in Khoobehi Properties’ petitions do not support a cause of action against Baronne Development under the general laws of agency.
Single Business Enterprise
The single business enterprise doctrine is a theory for imposing liability where two or more business entities act as one. Green v. Champion Ins. Co., 577 So.2d 249 (La. App. 1 Cir. 1991). Corporations are separate entities; however, the legal fiction of a distinct corporate entity may be disregarded when a corporation is so organized and controlled as to make it merely an instrumentality of another | ¶.¿corporation. Id. If one corporation is wholly under the control of another, the fact that it is a separate entity does not relieve the latter from liability. Id.
Although Khoobehi Properties makes the conclusory statement that 210 Baronne, Baronne Development, KFLP and Kailas Properties are operated as a single business enterprise, it makes no factual allegations that would support that conclusion. The fact that Mr. Kailas is a part owner of each of these corporations and is the managing member who handles the business and affairs of the corporations does not establish that the corporations are a single business enterprise. Furthermore, Khoobehi Properties’ claim that it owned a 13% membership interest in Bar-onne Developments during the relevant time period, but never had an ownership interest in any of the other corporations, directly contradicts the conclusory assertion that Baronne Developments was operated as a single business enterprise with the other corporations. Separate and distinct ownership of each corporation is a compelling indication that the various corporations were not organized or controlled so as to make each corporation merely an instrumentality of the other. We conclude that the facts alleged in Khoobehi Properties’ petitions do not support a cause of action against Baronne Development under a single business enterprise theory.
Conspiracy
Khoobehi Properties alleges that “Mohan Kailas, Baronne Develop *299 ment, KFLP and Kailas Properties, and others acting by or on behalf of the foregoing, acted and -wrongfully conspired to suppress the truth and withhold material information from Khoobehi Properties regarding the interrelated business affairs of Mohan Kailas, Baronne Development, KFLP and Kailas Properties regarding the new plans for the development, renovation and use of the 210 Baronne Property. Under La. C.C. Art. 2324, “[h]e who conspires with another person to commit an intentional or willful act is answerable, in solido, with that person, for |1Rthe damaged caused by such act.” Furthermore, the actionable element of a conspiracy claim is not the conspiracy itself; rather, it is the tort that the conspirators agree to perpetrate and actually commit in whole or in part. Thomas v. North 40 Land Dev., Inc., 04-0610 (La.App. 4 Cir. 1/26/06), 894 So.2d 1160, 1174. As previously noted, limited liability companies such as Baronne Development are fictional legal entities that can only act through their members or managers. Khoobehi Properties’ petition essentially alleges that Mr. Kailas, acting on behalf of Baronne Development, conspired with Mr. Kailas, acting on behalf of himself and/or KFLP and/or Kailas Properties, to fraudulently induce Dr. Khoobehi into selling Khoobehi Properties’ interest in Baronne Development to KFLP. Since Mr. Kailas, as the sole natural person alleged to have acted on behalf of himself and the corporations, cannot conspire with himself, we find that the facts alleged are insufficient to maintain a cause of action for conspiracy against Bar-onne Development.
Fraud
Under the Civil Code, fraud is defined as “a misrepresentation or a suppression of the truth made with the intention either to obtain an unjust advantage for one party or to cause a loss or inconvenience to the other. Fraud may also result from silence or inaction.” La. C.C. Art. 1953. Khoobehi Properties’ petition alleges that Mr. Kailas omitted and failed to disclose material facts to Dr. Khoobehi in order to wrongfully induce the sale of Khoobehi Properties’ membership interest in Baronne Development for a substantially lesser value than would have been the case had defendants made or furnished such material disclosures and material information to Khoobehi Properties prior to the sale. Khoobehi Properties alleges that Mr. Kailas perpetrated the fraud while acting on behalf of Baronne Development, KFLP, and Kailas Properties. Khoobehi Properties also acknowledges that the offer to purchase its interest was | umade by Mr. Kailas acting on behalf of KFLP, and that both agreements for the sale in May and June of 2013 were signed by Dr. Khoobehi on behalf of Khoobehi Properties and by Mr. Kailas on behalf of KFLP. These allegations contradict each other: on the one hand, Khoobehi Properties seeks to attribute Mr. Kailas’s purported misstatements and fraud-inducing activity to Baronne Development in order to maintain an independent cause of action against that company, and on the other, he seeks to attribute Mr. Kailas’s actions to KFLP, Kailas Properties, and Mr. Kailas himself to maintain independent causes of action for fraud against those companies and Mr. Kailas in his personal capacity. As we stated in our discussions of the single enterprise and principal-agent theories, Khoob-ehi Properties attempts to transpose the actions of Mr. Kailas in order to hold Baronne Development independently liable. In this particular instance, Khoobehi Properties argues, in effect, that Baronne Development, which was not a party to the sale and transfer agreements, has perpetrated a fraud against itself. As the trial court correctly noted, Baronne Develop *300 ment is the object of the sale and transfer agreement, not a party to it. Khoobehi Properties has failed to allege facts sufficient to maintain a cause of action for fraud against Baronne Development. Accordingly, we affirm that part of the trial court's judgment sustaining Baronne Development’s exception of no cause of action and dismissing Baronne Development with prejudice from the suit.

Exception of No Cause of Action by 210 Baronne

Khoobehi Properties argues that the trial court erred in sustaining 210 Bar-onne’s exception of no cause of . action, or alternatively should have allowed it to amend its petition, because 210 Baronne is the successor in interest to Baronne Development and is independently liable for defendants’ misconduct. Khoobehi Properties has acknowledged that 210 Baronne was not organized until September of 2013, months after the alleged fraudulent activity. Because the organization did |iKnot exist at the time of the alleged sale, 210 Baronne could not have participated through any of its members or managers in the alleged misstatements and misrepresentations attributed to the other defendants. Accordingly, we find that Khoobehi Properties has no independent right of action against 210 Baronne. Furthermore, having determined that Khoobehi Properties has no right of action nor cause of action against Baronne Development, we pretermit any discussion regarding whether 210 Baronne is a successor in interest to Baronne Development. We affirm that part of the trial court’s judgment sustaining 210 Baronne’s exception of no cause of action and dismissing 210 Baronne with prejudice from the suit.

Exception of Peremption by Kailas Family Limited Partnership

Khoobehi Properties next argues that the district court erred in sustaining KFLP’s exception of peremption because La. R.S. 12:1502 is not a peremptory statute, and does not apply to or govern all of Khoobehi Properties’ claims against KFLP.
The district court’s May 13, 2016 judgment makes no mention of the exception of peremption filed by KFLP on June 2, 2014. The district court granted that exception in a judgment dated July 25, 2014. On August 8, 2014, Khoobehi Properties filed a motion for new trial from that judgment, but only with respect to Bar-onne Development’s exception of no cause of action and Kailas Properties’ exception of discussion; KFLP’s exception of per-emption was not referenced in the motion for new trial. In its notice of intention to file supervisory writs, Khoobehi Properties stated that it sought partial review of the trial court’s July 25, 2014 judgment that granted KFLP’s “Peremptory Exception of Prescription;” however, Khoobehi Properties did not raise this issue as an assignment of error in its | ^application for supervisory writs.[6] It is well established that the court may consider as abandoned any specification or assignment of error that has not been briefed. Uniform Rules— Courts of Appeal Rule 2-12.4(B)(4). While Khoobehi Properties did raise the issue as an assignment of error in its first appeal, it was not timely raised then, and it has not been timely raised before this court now. See Khoobehi Props., L.L.C., 178 So.3d 647. Accordingly, that portion of Khoobehi Properties’ appeal seeking review of the trial court’s sustaining of KFLP’s exception of peremption is dismissed.

*301
Exception of Discussion by Kailas Properties

Khoobehi Properties argues that the trial court erred in sustaining Kailas Properties’ dilatory exception of discussion because Kailas Properties failed to comply with procedural requirements for a plea of discussion and because Kailas Properties is independently liable, not merely derivatively liable as a partner in KFLP.
The right of a partner to plead discussion of the partnership’s assets is contained in La. C.C. Art. 2817: “[a] partnership as principal obligor is primarily liable for its debts. A partner is bound for his virile share of the debts of the partnership but may plead discussion of the assets of the partnership.” Furthermore, La. C.C.P. Art. 5151 defines discussion as “the right of a secondary obligor to compel the creditor to enforce the obligation against the property of the primary obligor or, if the obligation is a legal or judicial mortgage, against other property affected thereby, before enforcing it against the property of the secondary obligor.”
Khoobehi Properties argues that Kailas Properties’ dilatory exception of discussion was improperly pled because it failed to comply with La. C.C.P. Art. 5155, which requires that the secondary obligor pleading discussion identify |17property of the primary obligor and deposit into the court registry an amount sufficient to defray the cost of executing the judgment. On the other hand, Kailas Properties argues that the requirements of La. C.C.P. Art. 5155 apply only to a third possessor in an injunction suit to restrain the enforcement of a legal or judicial mortgage against his property or in cases involving a surety or transferee in a revocatory action, and do not apply in this instance where a partner pleads the exception of discussion of the partnership assets.
La. C.C.P. Art. 5155 states:
A third possessor may plead discussion in an injunction suit to restrain the enforcement of a legal or judicial mortgage against his property. Discussion may be pleaded by a surety or transferee in a revocatory action only in the dilatory exception.
In pleading discussion, the secondary obligor shall:
(1) Point out by a description sufficient to identify it, property in the state belonging to the primary obligor, or otherwise subject to discussion, which is not in litigation, is not exempt from seizure, is free of mortgages and privileges, and is worth more than the total amount of the judgment or mortgage; and
(2) Deposit into the registry of the court, for the use of the creditor, an amount sufficient to defray the costs of executing the judgment or enforcing the mortgage against the property discussed.
We find the language of this statute to be unclear. It may be read as either applying the requirements of identification and deposit only to pleas of discussion filed by third possessors, sureties, or transferees in a revocatory action, or it may be read as applying those requirements to all pleas of discussion filed by all secondary obligors. As the trial court correctly noted, Kailas Properties is not a third possessor, a surety, or a transferee in a revocatory action. It is also true that Kailas Properties did not identify the properties owned by KFLP sufficient to satisfy the total amount in judgment nor deposit any funds into the registry of court.
Kailas Properties offers no case law in support of its assertion that the procedural requirements of La. C.C.P. Art. 5155 are not applicable to partnerships. The only case cited for this rarely pled exception, Brackley & Voelkel Constr. v. 3421 Cause *302 way, Ltd., 98-134 (La.App. 5 Cir. 5/27/98), 712 So.2d 716, 719, is quoted mainly for the proposition that:
The partnership as a business entity is primarily liable and the individual partners’ liability normally only comes into existence when and if the partnership becomes insolvent. The clear intent of both articles [La Code Civ. P. Art. 737 and La. Civ. Code Art. 2817] is that a partnership creditor must first exhaust his rights against the partnership before he proceeds against the individual partners. (Internal citations omitted.)
This is an accurate statement of the law of partnership, and remains true in this case. However, the question of whether the defendants properly pled the exception of discussion under La. C.C.P. Art. 5155 in Bmokley was never addressed because the individual partners failed to file any dilatory exception of discussion prior to filing their answer.[7]
We find that the requirements set forth in La. C.C.P. Art. 5155 apply in those cases where a partner pleads the dilatory exception of discussion as is his right under La. C.C-. Art. 2187. This holding is supported by Revision Comment A to this article, which provides further clarification:
(a) This Article sets forth the rule that creditors must look to the partnership first for the debts of the partnership. The partners are only secondarily liable. This continues the present jurisprudence, but the Article adds a new provision to the effect that if a partner is sued on a partnership debt, the partner may plead discussion of the partnership’s assets. A third person may sue the partnership and the partners at the same time, as provided in Article 737 of the Louisiana Code of Civil Procedure, but can recover against a partner who has properly pleaded discussion only if the partnership’s assets have been exhausted or the partnership has been dissolved. By requiring the partner to plead discussion in order to get the benefit of having the assets of the partnership exhausted before there can be recovery against him, the Article, in fairness to creditors, places the burden of pointing out paHnership property on the partner. (Emphasis added.)
Because Kailas Properties did not specify which assets of KFLP should be used to satisfy the debts incurred by KFLP, it cannot obtain the benefit of the pléa |13of discussion for unspecified assets.[8] This finding does nothing to alter the well-established law of partnership that the partnership is the principle obligor and is primarily liable for its debts. For those debts which KFLP incurred, Khoobehi Properties must first exhaust its remedies against the partnership before seeking recovery against Kailas Properties. We also recognize that Khoobehi Properties’ petition sets forth independent causes of action against Kailas Properties to which this exception would not apply. Accordingly, we reverse that portion of the trial court’s judgment sustaining Kailas Properties’ dilatory exception of discussion.
*303 DISCOVERY MOTIONS

Khoobehi Properties’ Motion to Compel and Mr. Kailas’s Motion to Quash Production of Third Party Records

In ruling on discovery matters, the trial court is vested with broad discretion and, upon review, an appellate court should not disturb such rulings absent a clear abuse of discretion. Channelside Servs., 194 So.3d at 756. A party to litigation may apply to a court for an order compelling discovery when another party fails to answer properly propounded interrogatories or requests for production. Hardee v. City of Jennings, 10-1540 (La.App. 3 Cir. 5/11/11), 65 So.3d 266, 269. The discovery articles grant the trial court the power to compel discovery and the discretion to impose various sanctions on a party or his attorney for unjustified failure to comply with the statutory scheme or obey an order compelling discovery. The decision whether to grant relief against a recalcitrant party rests within the discretion of the trial court and will not be disturbed absent an abuse of that discretion. Id.
On March 10, 2016, Khoobehi Properties filed a motion to compel complete responses to interrogatories, requests for production and requests for admission |2nwherein it sought information regarding: payments made by defendants between January 1, 2013, and June 17, 2013, in connection with the redevelopment of 210 Baronne; defendants communications with First NBC Bank between January 1, 2013, and June 17, 2013, with respect to their requests for financing to redevelop 210 Baronne; and information regarding the financial performance of 210 Baronne since the June 2013 sale. Khoob-ehi Properties also served a notice of deposition for the production of records on the nonparty accounting firm Weiner & Brenner, LLC, also seeking the information concerning the financial performance of 210 Baronne since the sale.
In response, Mr. Kailas filed a motion to quash the notice of deposition served on the nonparty accountants. On appeal, Mr. Kailas argues that the information concerning the financial performance of 210 Baronne since the sale is irrelevant, immaterial, and not reasonably calculated to lead to the discovery of admissible evidence.
In its May 13, 2016 judgment, and its subsequent reasons for judgment, the trial court denied Khoobehi Properties’ motion to compel, finding the requests were dupli-cative of previous discovery requests and that defendants had participated in discovery in good faith in their previous responses and production of records. The trial court additionally denied Mr. Kailas’s motion to quash Khoobehi Properties’ notice of deposition for the production of records to the nonparty accountants, finding the requested discovery concerning the financial performance of 210 Baronne since the sale is relevant to show the nature, scope, and extent to which Khoobehi Properties was allegedly harmed when it sold its interest in Baronne Development prior to the redevelopment. In addition, the court noted that damages are a proper subject of discovery and the information sought may be relevant for the purposes of determining damages, and that the accountant-client privilege claimed by Mr. Kailas applied to confidential communications | ¾1 between an accountant and client, not to accounting documents or records prepared in the ordinary course of a company’s business operations like those sought and requested by Khoobehi Properties.
Upon review of the record and consideration of Khoobehi Properties’ arguments on appeal, we find that the trial court did not abuse its broad discretion in denying Khoobehi Properties’ motion to *304 compel or Mr. Kailas’s motion to quash. In particular, with regard to the relevance of the financial performance of 210 Baronne, such information is relevant to show the nature, scope, and extent to which Khoob-ehi Properties was allegedly harmed when it sold its interest prior to the redevelopment of the 210 Baronne property. Fraud vitiates consent and thus is grounds for rescission. Stutts v. Melton, 13-0557 (La. 10/15/13), 130 So.3d 808, 814. Under La. C.C. Art. 1958, the party against whom rescission is granted because of fraud is liable for damages and attorney’s fees. Coates v. Anco Insulations, Inc., 00-1331 (La.App. 4 Cir. 3/21/01), 786 So.2d 749, 755. The measure of damages in such instances is set forth in La. C.C. Art. 1995: “[d]amages are measured by the loss sustained by the obligee and the profit of which he has been deprived.” As such, the information concerning the financial performance of 210 Baronne, the profits (and losses) in which Khoobehi Properties would have shared as a member of Bar-onne Development had it not sold its membership interest, is relevant to Khoobehi Properties’ cause of action for 'fraud and therefore discoverable information. Accordingly, we affirm the judgment of the trial court denying both Khoobehi Properties’ motion to compel and Mr.' Kailas’s motion to quash.

Mr. Kailas’s Motion to Compel Production of Attorney-Client Agreement

Mr. Kailas also seeks reversal of the trial court’s judgment denying his motion to compel discovery relating to Khoobehi Properties’ claim for attorney’s fees. In particular, Mr. Kailas sought to compel Khoobehi Properties to produce its |22fee agreement with its counsel and counsel’s billing records in this case. Khoobehi Properties argues that discovery on attorney’s fees is premature because attorney’s fees would only be determined if it prevails after a trial on the merits. While the trial court made no reference to its decision to deny Mr. Kailas’s motion to compel in its reasons for judgment, we nevertheless find no abuse of the trial court’s broad discretion in this discovery matter. Accordingly, that portion of the trial court’s judgment is affirmed.
CONCLUSION
We affirm the trial court’s May 13, 2016 judgment sustaining the exceptions of no cause of action and no right of action filed by Baronne Development and 210 Baronne and dismissing those defendants with prejudice; we dismiss as untimely the assignment of error seeking review of the trial court’s sustaining KFLP’s exception of peremption; we reverse that part of the trial court’s judgment sustaining Kailas Properties’ exception of discussion; and, we deny the writ applications of both Khoobehi Properties and Mr. Kailas regarding discovery issues and remand this matter to the district court for proceedings consistent with this opinion.
DISMISSED IN PART; AFFIRMED IN PART; REVERSED IN PART; WRITS DENIED; REMANDED

. Khoobehi Properties also seeks review of this ruling on its motion to compel by way of its sixth assignment of error in its appeal.

. Mr. Kailas has also sought review of these rulings by way of an answer to Khoobehi Properties' appeal.

.Khoobehi Properties filed a notice of intention to apply for supervisory writs, wherein it stated its intention to request review of the district court’s granting of certain discovery motions as well as the sustaining of KFLP’s peremptory exception of peremption. On September 29, 2014, this Court granted in part and denied in part Khoobehi Properties’ writ with respect to the trial court’s discovery orders; however, the issue of KFLP's perempto- . ty exception of peremption was not briefed by the relator, and therefore was not considered by this Court at that time.

. This alleged material information included communications with, and site visits by, local architects and contractors in April, May, and June of 2013 regarding the plans for redevelopment, and negotiations with First NBC Bank concerning the financing of the redevelopment.

. The court also denied a motion for partial summary judgment filed by defendants in which they requested that Khoobehi Properties’ remedy be limited to rescission of the sale contract. No review of this denial was sought.

. A review of the record indicates that KFLP only filed a peremptory exception of peremption, not a peremptory exception of prescription.

. Discussion must be specifically pleaded as a dilatory exception, which is waived if not raised prior to answer or judgment by default. La. C.C.P. Arts. 926, 928.

. The seeming discrepancy between La. C.C. Art. 2817, which provides partners with the right to plead discussion, and La. C.C.P. Art. 5155, which makes no mention of partnerships, is explained by Professors Glenn C. Morris and Wendell H. Holmes in the Louisiana Civil Law Treatise: Business Organizations § 6.10, as the result of a twenty year gap between enactment of these two code articles. Their analysis of the issue also supports the finding that the requirements of La. C.C.P. Art. 5155 apply to partners pleading discussion of partnership assets.