CHAISSON, J.
In this case arising out of a petition for redhibition filed by the purchaser of an allegedly defective automobile, Philip Franco appeals a May 9, 2017 judgment of the trial court sustaining a peremptory exception of no cause of action filed by *1055 Mercedes-Benz USA, LLC ("MBUSA"), which dismissed Mr. Franco's claims with prejudice. For the following reasons, we reverse the judgment of the trial court and remand the case for further proceedings.
FACTS AND PROCEDURAL HISTORY
On December 22, 2016, Mr. Franco filed a petition of redhibition in which he set forth the following allegations:
On January 22, 2013, he purchased a 2010 Mercedes-Benz GL450 SUV manufactured and distributed by MBUSA for $47,500 plus taxes, license fees and other charges, as well as an extended warranty.
In May, 2016, Mr. Franco received a Safety Recall letter from MBUSA advising him of a potential defect in the driver side front airbag of the vehicle which could result in metal fragments striking the driver or other occupants, possibly causing serious injury or death. The notice further advised that there was no current suitable replacement available to remedy the defect, but that when a replacement did become available, it would be provided to Mr. Franco at no cost to him.
In response to this safety recall notice, Mr. Franco sent a letter to MBUSA demanding either the use of a loaner vehicle until the defect was eliminated or repurchase of the vehicle. MBUSA denied Mr. Franco's demands by phone.
The petition further alleged the defect in the driver side airbag constitutes a redhibitory defect pursuant to La. C.C. art. 2520 in that it renders use of the vehicle either useless or so inconvenient that it must be presumed that Mr. Franco would not have bought it had he known of the defect. Additionally, Mr. Franco alleged that MBUSA, as a manufacturer of the vehicle, is deemed to know the vehicle has a redhibitory defect. Mr. Franco sought to recover the total purchase price paid for the vehicle as well as all other damages suffered, including emotional distress.
In response to Mr. Franco's petition, MBUSA filed a peremptory exception of no cause of action in which it argued that Mr. Franco's claims are moot because MBUSA is already required by federal statute to replace the defective airbag at no cost pursuant to a nationwide recall of the defective airbags. MBUSA additionally argued that the claims are subject to dismissal because they are preempted by the National Highway Transportation Safety Act (NHTSA), which provides exclusive remedies for Mr. Franco's claims.[1] Finally, MBUSA argued that Mr. Franco's petition is deficient because it fails to state the existence of an actual defect in his vehicle.[2]
On May 9, 2017, following a hearing on the exception, the trial court issued judgment sustaining MBUSA's exception of no cause of action. In its written reasons for judgment, the trial court found that MBUSA was unaware of the defect at the time of the sale and that Mr. Franco had no cause of action unless and until the replacement efforts required by the nationwide recall program are unsuccessful. Mr. Franco's timely appeal followed.
On appeal, Mr. Franco raises the following assignments of error:
1. The trial court erred in granting the defendant's exception of no cause of action dismissing the plaintiff's redhibition claim because Mercedes is a manufacturer who *1056 is presumed to know the defects in the vehicle sold to the plaintiff.
2. The trial court erred in granting the defendant's exception of no cause of action dismissing the plaintiff's redhibition claim because Mercedes, as a manufacturer/seller in bad faith, need not be provided an opportunity to repair a defect in the vehicle sold.
3. The trial court erred in granting the defendant's exception of no cause of action dismissing plaintiff's redhibition claim because the redhibition claim is not preempted by the NHTSA's Recall Order to repair the defect at some uncertain time in the future.
4. The trial court erred in granting the defendant's exception of no cause of action dismissing the plaintiff's redhibition claim because the plaintiff's redhibition claim is not moot by the NHTSA order to repair the defect at some uncertain time in the future.
We consider these assignments of error en globo in our discussion below.
DISCUSSION
Standard of Review
This court recently stated the applicable standard of review in Khoobehi Props., LLC v. Baronne Dev. No. 2, L.L.C. , 16-506 (La. App. 5 Cir. 3/29/17), 216 So.3d 287, 297 :
The exception of no cause of action tests the legal sufficiency of the petition by determining whether the law affords a remedy on the facts alleged in the pleading. Hurricane Fence Co. v. Jensen Metal Prods. , 12-956 (La. App. 5 Cir. 5/23/13), 119 So.3d 683. The appellate court reviews a trial court's ruling sustaining an exception of no cause of action de novo because the exception raises a question of law and the court's decision is based solely on the sufficiency of the petition. Johnson v. Motiva Enters., LLC , 128 So.3d at 488. The peremptory exception of no cause of action is triable on the face of the pleadings, and, for purposes of resolving issues raised by the exception, the well-pleaded facts in the petition must be accepted as true. Parish of Jefferson v. Bankers Ins. Co. , 11-590 (La. App. 5 Cir. 2/28/12), 88 So.3d 1082, 1085. No evidence may be introduced at any time to support or controvert an exception of no cause of action. Id. Because Louisiana uses a system of fact pleading, a plaintiff is not required to plead the theory of recovery in his petition; however, mere conclusions of the plaintiff unsupported by facts will not set forth a cause of action. Id.
Accordingly, our inquiry begins with examining whether Mr. Franco's petition alleges facts sufficient to state a redhibition claim.[3]
La. C.C. art. 2520
Louisiana Civil Code article 2520 provides a warranty of redhibition for the sale of goods. Under this article, a defect may be redhibitory if it (1) renders the thing useless, or its use so inconvenient that it must be presumed that a buyer would not have bought the thing had he known of the defect, or (2) diminishes the usefulness of a thing or its value so that it may be presumed a buyer would still have sought it at a lesser price. The remedies available to a purchaser of a thing with a redhibitory defect are a recision of the sale, or, in cases where the thing is not totally useless, a reduction in price.
*1057 Additionally, under La. C.C. art. 2545, a seller who knows that the thing he sells has a defect but omits to declare it, or a seller who declares that the thing has a quality that he knows it does not have, is liable to the buyer for the return of the price with interest from the time it was paid, for the reimbursement of the reasonable expenses occasioned by the sale and those incurred for the preservation of the thing, and also for damages and reasonable attorney fees. If the use made of the thing were of some value to the buyer, such a seller may be allowed credit for such use. A seller is deemed to know that the thing he sells has a redhibitory defect when he is the manufacturer of a thing. Furthermore, under this article, a buyer is not required to give a bad faith seller or a manufacturer an opportunity to repair before instituting an action in redhibition.
In a redhibition suit, the plaintiff must prove by a preponderance of the evidence that the product contained a hidden defect at the time of the sale, which was not apparent on inspection, and which rendered the thing unfit for the use intended or that its use became so inconvenient that the purchaser would never had purchased the product had he known of the defect. C & M Contractors, Inc. v. Team Persuasion Enters., Inc. , 98-867 (La. App. 5 Cir. 1/26/99), 779 So.2d 1.
We find that Mr. Franco's petition does set forth facts sufficient to state a cause of action for redhibition. Mr. Franco's petition articulates all of the facts concerning the sale of the automobile, including particulars such as the date, the identities of the buyer and seller, and the price. Though MBUSA argues Mr. Franco has failed to plead the existence of an actual defect in his vehicle, this is not supported by the language of the petition which states, "[t]he defect in the driver side airbag constitutes a redhibitory defect ..." While this statement articulates a legal conclusion which Mr. Franco has not yet proven at this preliminary stage in the proceedings, it clearly states Mr. Franco's allegation that his vehicle contains the defective driver side airbag mentioned in MBUSA's recall letter.[4]
NHTSA Preemption
We next consider MBUSA's arguments concerning whether the NHTSA preempts Louisiana law.
In its discussion of the NHTSA's preemptive effect on state suits in a redhibition action brought by the purchasers of motorcycles who were issued safety recall notices, the United States District Court for the Eastern District of Louisiana in Stroderd v. Yamaha Motor Corp., U.S.A. , 2005 WL 2037419, 2005 U.S. Dist. LEXIS 17797 (E.D. La. Aug. 4, 2005) stated:
The purpose of the Safety Act is to prescribe uniform motor vehicle safety standards. 49 U.S.C. § 30101. The Safety Act provides a detailed method of commencing, administering, and overseeing recalls if a motor vehicle fails to satisfy enumerated safety requirements. 49 U.S.C. §§ 30118 - 30120. The Safety Act provides remedies for owners of vehicles subject to recall and provides for an administrative procedure for interested parties to criticize or comment on the recall process. Id. The Safety Act expressly preempts conflicting state regulations, but preserves a manufacturer's common law liability. 49 U.S.C. § 30103.
...
Plaintiffs' redhibition claim does not directly conflict with the principles underlying *1058 the Safety Act. The purpose of the Safety Act is to establish uniform guidelines for motor vehicle safety and to ensure that recalls are properly ordered and administered. A redhibition claim does not conflict or undermine either of those purposes. Instead, Plaintiffs' redhibition claim falls squarely within the savings clause anticipated by Congress in 49 U.S.C. § 30103(e).
We find the court's reasoning in Stroderd instructive, and its interpretation of the NHTSA directly applicable to the case sub judice . Accordingly, we find that the NHTSA does not preempt Mr. Franco's redhibition claim.
Conclusion
Having found that Mr. Franco has set forth facts in his petition sufficient to establish a claim in redhibition, and recognizing that such a claim is not preempted by the NHTSA, we reverse the judgment of the trial court sustaining MBUSA's exception of no cause of action and remand this case to the trial court for proceedings consistent with this opinion.
REVERSED AND REMANDED

The National Traffic and Motor Vehicle Safety Act, 49 U.S.C. § 30101, et seq. , requires MBUSA to provide affected consumers with notice of a recall.

MBUSA also argued that Mr. Franco's claims for breach of warranty and other claims under the Louisiana Products Liability Act are insufficiently alleged in the petition. These arguments have not been raised on appeal.

Pursuant to La. C.C.P. art. 931, which states that "[n]o evidence may be introduced at any time to support or controvert the objection that the petition fails to state a cause of action," we limit our inquiry to the four corners of the petition.

We note that had Mr. Franco's petition failed to set forth facts sufficient to establish a cause of action in redhibition, La. C.C.P. art. 934 requires that the plaintiff be given an opportunity to amend the petition if doing so would remove the grounds for the exception of no cause of action.