ALPINE EXPLORATION COMPANIES, INC.

VERSUS

MONCLA PRESSURE PUMPING, L.L.C., AND

MONCLA PRESSURE PUMPING WELL

SERVICES, L.L.C.

NO. 25-C-448

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Susan S. Buchholz
Chief Deputy, Clerk of Court

October 10, 2025

Susan Buchholz
Chief Deputy Clerk

IN RE CYPRESS OIL AND EXPLORATION, INC.

APPLYING FOR SUPERVISORY WRIT FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT, PARISH OF JEFFERSON, STATE OF LOUISIANA, DIRECTED TO THE HONORABLE DANYELLE M. TAYLOR, DIVISION "O", NUMBER 825-694

Panel composed of Judges Fredericka Homberg Wicker, Stephen J. Windhorst, and John J. Molaison, Jr.

**WRIT DENIED**

The relator, Cypress Oil and Exploration, Inc. (Cypress), seeks review of the August 25, 2025, denial of its exception of no cause of action. We deny this writ application for the following reasons.

Alpine Exploration Companies, Inc. (Alpine) filed suit against Moncla Pressure Pumping, L.L.C., and Moncla Pressure Pumping Well Services, L.L.C. (Moncla), alleging that Moncla improperly performed work on Alpine's oil well, causing damage to the well. Specifically, Alpine alleges that Moncla was to calculate, mix, and pump the proper amount of cement mixture into the well. Moncla pumped an excessive amount of cement into the well, causing damage that prevented the well from producing hydrocarbons. Alpine contends its damages

were caused by Moncla's negligence "and/or contractual breaches" in failing to properly mix, pump, and monitor the cement pumped into the well.

Moncla filed a third-party demand against Cypress, claiming that Cypress had failed to pay them for the work performed on the well and that Cypress had breached the indemnity agreement by failing to indemnify them against Alpine's claims.

This timely writ application follows the trial court's denial of Cypress's exception of no cause of action.

The purpose of the peremptory exception of no cause of action is to test the legal sufficiency of the petition by determining whether the law affords a remedy based on the facts alleged in the petition. *5301 Jefferson Hwy, L.L.C. v. A. Maloney Moving & Storage, Inc.*, 23-211 (La. App. 5 Cir. 5/29/24), 392 So.3d 337, 348. The exception raises a question of law, and the appellate court conducts a *de novo* review of a trial court's ruling based solely on the sufficiency of the petition. *Id*. This exception is triable on the face of the pleadings, and we must accept the well-pleaded facts in the petition as true to resolve issues raised by the exception. *Par. of Jefferson v. Bankers Ins. Co.*, 11-590 (La. App. 5 Cir. 2/28/12), 88 So.3d 1082, 1085, *writ denied*, 12-691 (La. 5/4/12), 88 So.3d 466.

The pertinent inquiry is whether, when viewed in the light most favorable to the plaintiff and with every doubt resolved in the plaintiff's favor, the petition states any valid cause of action for relief. *Terrebonne Par. Consol. Gov't v. Duval, Funderburk, Sundbery, Richard & Watkins, APLC*, 21-578 (La. App. 1 Cir. 2/18/22), 340 So.3d 1099, 1105, *writ denied*, 22-470 (La. 5/10/22), 337 So.3d 910. We must give every reasonable interpretation to the language in the petition to maintain its sufficiency and allow the plaintiff to present evidence at trial. *Id.*

The specific issue in this writ application is whether Moncla has stated a cause of action against Cypress as a third-party defendant. La. C.C.P. art. 1111 provides in part:

> The defendant in a principal action by petition may bring in any person, including a codefendant, who is his warrantor, or who is or may be liable to him for all or part of the principal demand.

A third-party demand is a device primarily used to make claims of contribution or indemnity in the event the defendant is found liable on the principal demand. *Union Service & Maintenance Co., Inc. v. Powell*, 393 So.2d 94, 95 (La. 1980). A third-party demand must arise out of or have some causal connection with the principal demand; a defendant can only assert a third-party demand against one who might be liable to him for all or part of the principal demand. *Olsen Eng'g Corp. v. Hudson Eng'g Corp.,* 289 So.2d 346, 350 (La. App. 1973), *writ denied*, 293 So.2d 170 (La. 1974).

In its third-party demand, Moncla asserts that Cypress contracted with Moncla to perform a "cement packet job" on the well and that Moncla performed the work in accordance with the job specifications and instructions provided by Cypress and Alpine. Moncla alleges that Cypress has breached the contract between them by failing to pay for the services rendered, despite amicable demand, and that Cypress has failed to indemnify Moncla for the claims asserted against Moncla by Alpine. In support of its claim for indemnification, Moncla points to the indemnity agreement in the "field ticket" for the work Moncla performed on the well, which states:

> Well owner or customer shall be responsible for and hold Moncla Pressure Pumping harmless from and against any liability for reservoir loss or damage, or property damage arising from well blowout, unless such loss or damage is caused by willful negligence of Moncla Pressure Pumping.

An indemnity agreement is a contract in which a party (the indemnitor) agrees to protect another (the indemnitee) against damages incurred by the latter as

a result of their breach of a duty owed to a third party. *Bennett v. DEMCO Energy Servs., LLC*, 23-1358 (La. 5/10/24), 386 So.3d 270, 273. A claim for indemnity is usually brought through a third-party demand. *Id.*

In its exception of no cause of action and in this writ application, Cypress argues that Moncla's third-party demand fails to state a cause of action against Cypress because Cypress is not Moncla's warrantor or liable for all or part of Alpine's principal demand under the indemnity agreement. Cypress contends the indemnity agreement lacks the necessary language to obligate Cypress to indemnify Moncla for Moncla's own negligence.

Cypress's argument regarding the language in the indemnity agreement goes to the merits of Moncla's claim against Cypress. In review of the ruling on an exception of no cause of action, we do not consider the likelihood that the plaintiff will prevail at trial or that the defendant has a valid defense. *5301 Jefferson Hwy, L.L.C.*, 392 So.3d at 349. The trial of the exception is solely on the face of the pleadings, and the court may not go beyond the petition to the case's merits. *Wood v. Omni Bancshares, Inc.*, 10-216 c/w 10-567 (La. App. 5 Cir. 4/26/11), 69 So.3d 475, 480. Hence, whether the language of the indemnity agreement contains the necessary language to obligate Cypress to indemnify Moncla is not before us in ruling on the exception of no cause of action. Moncla's third-party demand states a cause of action against Cypress for indemnification.

Cypress contends that Moncla's claim regarding Cypress's alleged failure to pay for the work performed must be brought in a separate proceeding. Moncla argues that it is permitted to assert all other claims it has against Cypress through its third-party demand. In this instance, the inclusion of a breach of contract claim for non-payment in no way expands the scope of this litigation. Moncla reasons that to file an entirely separate lawsuit for breach of the same contract for a

different reason, failure to pay, would be unduly burdensome and not in the interest of judicial economy.

The Louisiana Supreme Court has recognized that the third-party procedure promotes judicial economy and efficiency. Its purpose is to avoid multiple lawsuits, facilitate and expedite litigation in an orderly manner, and dispose of all phases of the litigation in a single proceeding, thereby respecting the rights of all litigants. *Bennett*, 386 So.3d at 275.

Given the petitions filed in this particular case, we find that Moncla is not precluded from asserting its claim for non-payment under this same contract as part of its breach of contract claim against Cypress. Accordingly, upon *de novo* review, we find the trial court did not err in overruling the exception of no cause of action.

For the preceding reasons, we deny this writ application.

Gretna, Louisiana, this 10th day of October, 2025.

**JJM**
**FHW**
**SJW**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
STEPHEN J. WINDHORST
JOHN J. MOLAISON, JR.
SCOTT U. SCHLEGEL
TIMOTHY S. MARCEL

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
CHIEF DEPUTY CLERK

LINDA M. TRAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



**FIFTH CIRCUIT**

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF DISPOSITION CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE DISPOSITION IN THE FOREGOING MATTER HAS BEEN TRANSMITTED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 4-6** THIS DAY **10/10/2025** TO THE TRIAL JUDGE, THE TRIAL COURT CLERK OF COURT, AND AT LEAST ONE OF THE COUNSEL OF RECORD FOR EACH PARTY, AND TO EACH PARTY NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

**25-C-448**

### E-NOTIFIED

24th Judicial District Court (Clerk)
Honorable Danyelle M. Taylor (DISTRICT JUDGE)

Scott J. Chafin, Jr. (Relator)

Brett W. Tweedel (Respondent)
Christopher M. Hatcher (Respondent)
Bradley C. Guin (Relator)

### MAILED

Aldric C. Poirier, Jr. (Respondent)
Attorney at Law
3421 North Causeway Boulevard
Suite 900
Metairie, LA 70002

Michael J. Ecuyer (Relator)
Elise W. Benezech (Relator)
Attorney at Law
601 Poydras Street
Suite 2355
New Orleans, LA 70130

J. Christopher Zainey, Jr. (Relator)
Attorney at Law
701 Magazine Street
New Orleans, LA 70130