DIRECTV, LLC                                          NO. 21-C-646

VS.                                                  FIFTH CIRCUIT

TOR T. BRIDGES, ERNEST F. COLBERT, JR.               COURT OF APPEAL
AND STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY                                    STATE OF LOUISIANA

CONSOLIDATED WITH

TOR T. BRIDGES

VS.

ERNEST F. COLBERT, JR. AND STATE FARM
MUTUAL AUTOMOBILE INSURANCE
COMPANY

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Nancy F. Vega
Chief Deputy, Clerk of Court

January 21, 2022

Nancy F. Vega
Chief Deputy Clerk

**IN RE** STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY AND ERNEST F. COLBERT, JR.,
DAVID W. AIKEN, JR., M.D.

**APPLYING FOR** SUPERVISORY WRIT FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT,
PARISH OF JEFFERSON, STATE OF LOUISIANA, DIRECTED TO THE HONORABLE E. ADRIAN ADAMS,
DIVISION "G", NUMBER 780-143 C/W 780-395

Panel composed of Judges Jude G. Gravois,
Stephen J. Windhorst, and Hans J. Liljeberg

### WRIT GRANTED IN PART, DENIED IN PART, AND REMANDED WITH INSTRUCTIONS

In this personal injury suit arising from an automobile accident, plaintiff, Tor T. Bridges, filed a "Third Re-Notice of Deposition for Records Only" directed to defendants, Ernest F. Colbert, Jr. and State Farm Mutual Automobile Insurance Company, and a "Subpoena *Duces Tecum* For Deposition" directed to Dr. David W. Aiken, M.D., an expert retained by defendants, State Farm and Mr. Colbert. In response, defendants filed a "Motion to Quash Subpoena *Duces Tecum* to David W. Aiken, M.D. and for Protective Order." On September 22, 2021, following a hearing on the matter, the trial court granted the motion to quash in part, denied it in part, and ordered the production of ten requests for information. Relators, defendants and Dr. Aiken, in proper person, filed this writ application seeking this Court's supervisory review of the trial court's ruling. Relators specifically object to producing the following items contained in the trial court's judgment:

(1) A copy of your entire file pertaining to any and all work that you have performed or been asked to perform in connection with the instant litigation (780-143 *Direct TV, LLC v. Tor T. Bridges*, *et al* consolidated with 780-395 *Tor T. Bridges v. State Farm Mutual Automobile Insurance Company and Ernest F. Colbert, Jr.*); including but not limited to the following:

    a.  All correspondence, faxes, emails, and any other written communications received by you pertaining to the above-referenced matter;

    b.  All correspondence, faxes, emails, and any other written communication sent by you or on your behalf to the attorneys or other representatives for the defendants, State Farm Mutual Automobile Insurance Company and Ernest F. Colbert, Jr., in connection with the above-referenced matter; …

* * *

(7) For the years 2018-2021, with respect to matters that you have been retained to provide expert testimony/opinion, please provide the following information:

    a.  Case Caption

    b.  Whether the opinion was given *via* in court or deposition testimony.

(8) A statement with supporting financial records indicating the portion of your income derived from the medical examination of the plaintiff in the instant litigation, Tor T. Bridges.

### *Item One*

In their writ application, relators object to the production of the information requested in Items (1)(a) and (1)(b), specifically the production of correspondence and emails between defense counsel's office and Dr. Aiken, as well as Dr. Aiken's notes and memos.[1] Relators argue that this information is protected by the attorney-client privilege standards set forth in La. C.E. art. 506, the work-product privilege contained in La. C.C.P. art. 1424(A), and the "expert discovery rule" set forth in La. C.C.P. art. 1425(E).

In his opposition to the motion to quash, plaintiff argued that in a previous case, Dr. Aiken examined plaintiff and rendered an expert opinion, and thus that is good cause for the subject discovery because it bears upon his potential bias against personal injury litigants and his credibility as an expert at trial. Regarding the alleged privileged information, plaintiff argued that relators have not made any showing to them or to the court to determine whether any particular document would reveal defense counsel's mental impressions, conclusion, opinions, or legal theories. Plaintiff noted that as a practical matter, they do not object to redaction of any portion(s) of the

---

[1] Relators note that they are not objecting to the production of any of Dr. Aiken's reports, as those have already been shared.

requested documents that reveal those limited categories of protected information.

La. C.C.P. art. 1425, regarding expert discovery, provides in pertinent part:

> B. Upon contradictory motion of any party or on the court's own motion, an order may be entered requiring that each party that has retained or specially employed a person to provide expert testimony in the case or whose duties as an employee of the party regularly involve giving expert testimony provide a written report prepared and signed by the witness. The report shall contain a complete statement of all opinions to be expressed and the basis and reasons therefor and the data or other information considered by the witness in forming the opinions. The parties, upon agreement, or if ordered by the court, shall include in the report any or all of the following: exhibits to be used as a summary of or support for the opinions; the qualifications of the witness, including a list of all publications authored by the witness within the preceding ten years; the compensation to be paid for the study and testimony; a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years.

> \*\*\*

> E. (1) The expert's drafts of a report required under Paragraph B of this Article, and communications, including notes and electronically stored information or portions thereof that would reveal the mental impressions, opinions, or trial strategy of the attorney for the party who has retained the expert to testify, shall not be discoverable except, in either case, on a showing of exceptional circumstances under which it is impractical for the party seeking discovery to obtain facts or opinions on the same subject by other means.

> (2) Nothing in this Article shall preclude opposing counsel from obtaining any facts or data the expert is relying on in forming his opinion, including that coming from counsel, or from otherwise inquiring fully of an expert into what facts or data the expert considered, whether the expert considered alternative approaches, or into the validity of the expert's opinions.

Paragraph E of Article 1425 was added in 2007 to protect from discovery drafts of required expert reports and communications with testifying experts that would reveal the attorney's mental impressions, opinions, or trial strategy, without sacrificing full discoverability of facts and data supporting the expert's opinions. If documents or electronically stored information contain both facts and protected material of an attorney, the court may order production subject to redaction. *See* La. C.C.P. art. 1425, Revision Comment –2007.

In ruling on discovery matters, the trial court is vested with broad discretion, and, upon review, an appellate court should not disturb such

rulings absent a clear abuse of discretion. *Khoobehi Props., LLC v. Baronne Dev. No. 2, L.L.C.*, 16-506 (La. App. 5 Cir. 3/29/17), 216 So.3d 287, 303, *writ denied*, 17-0893 (La. 9/29/17), 227 So.3d 288.

Because the transcript of the hearing on the motion to quash is not included in the writ application, it is unclear what actually happened at the hearing on the motion. However, upon review of the writ application and the attachments thereto, on the showing made, we find the trial court erred in its ruling to the extent that Items (1)(a) and (1)(b) allow for "communications, including notes and electronically stored information or portions thereof that would reveal the mental impressions, opinions, or trial strategy" of defendants' attorneys. *See* La. C.C.P. art. 1425(E)(1). Thus, we grant this writ application in part for the limited purpose of ordering the trial court to conduct an *in camera* inspection and redaction of the portions of the requested documents that reveal defendants' attorneys' "mental impressions, opinions, or trial strategy."

### *Item Seven*

Next, relators argue that Item Seven is overbroad, vague, and burdensome. As shown above, Item Seven requests:

(7) For the years 2018-2021, with respect to matters that you have been retained to provide expert testimony/opinion, please provide the following information:

a. Case Caption

b. Whether the opinion was given *via* in court or deposition testimony.

Relators argue that they are objecting to the creation of a document listing the case captions of all cases where Dr. Aiken was "retained to provide expert testimony/opinion" but which did not result in a trial or deposition testimony. Relators allege that Dr. Aiken has between 13,000-15,000 patient charts that he keeps by patient name, and he would have to go through each file manually to provide this information.

Upon review, we find no error in the trial court's ruling ordering the production of information requested in Item Seven. La. C.C.P. art. 1425(B) specifically provides that the court can order that the expert report include "a listing of any other cases in which the witness *has testified as an expert at trial or by deposition within the preceding four years*." (Emphasis added.) We find that Item Seven simply seeks precisely the particular information allowed in the statute for the period of time allowed in the statute. Thus, we find no merit to this argument.

### *Item Eight*

Finally, relators argue that Item Eight calls for a document that is redundant and irrelevant. Item Eight seeks a "statement with supporting financial records indicating the portion of your income derived from the medical examination of the plaintiff in the instant litigation, Tor T. Bridges." Relators contend it is redundant

because Dr. Aiken is called to also produce his invoices pursuant to Item Ten.[2] They argue that to the extent this request requires that Dr. Aiken breakdown the invoice amounts to determine his income separated from overhead, employee pay, etc., it is burdensome.  They also argue that the information is irrelevant to the subject of the present suit and just constitutes a "fishing expedition."  La. C.C.P. art. 1425(B) provides that the court can order that the expert report include "the compensation to be paid for the study and testimony."

Upon review, we find that plaintiff is not entitled to information found outside the scope of this statute.  Thus, we grant this writ in part and reverse the trial court's ruling in Item Eight of the judgment, but only insofar as it ordered the production of information outside the scope of La. C.C.P. art. 1425(B).  To the extent (and only to the extent) that Item Eight seeks a statement with supporting financial records indicating the "compensation" paid to Dr. Aiken for "the study and testimony" in plaintiff's case pursuant to La. C.C.P. art. 1425(B), we find no error.

## CONCLUSION

For the foregoing reasons, we grant this writ application in part, deny the writ application in part, and remand the matter for an *in camera* inspection, as more fully set forth above.

Gretna, Louisiana, this 21st day of January, 2022.

**JGG**
**SJW**
**HJL**

---

[2] Item Ten requests:

Copies of any documents relating to and/or a listing of all payments made by Ernest F. Colbert, Jr, State Farm Mutual Automobile Insurance Company, and/or Direct TV L.L.C., or any of their affiliates and/or representatives, and/or law firm Lohman, Carnahan, Batt, Angelle, & Nadar and/or the Legnard Law Firm, L.L.C., to Dr. David W. Aiken, Jr., with respect to the plaintiff in the instant litigation, Tor T. Bridges.

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
HANS J. LILJEBERG
JOHN J. MOLAISON, JR.

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

NANCY F. VEGA
CHIEF DEPUTY CLERK

SUSAN S. BUCHHOLZ
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF DISPOSITION CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE DISPOSITION IN THE FOREGOING MATTER HAS BEEN TRANSMITTED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 4-6** THIS DAY **01/21/2022** TO THE TRIAL JUDGE, THE TRIAL COURT CLERK OF COURT, AND AT LEAST ONE OF THE COUNSEL OF RECORD FOR EACH PARTY, AND TO EACH PARTY NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
**CLERK OF COURT**

**21-C-646**

### E-NOTIFIED

24th Judicial District Court (Clerk)
Honorable E. Adrian Adams (DISTRICT JUDGE)
Benjamin W. Gulick (Respondent)          Gregory P. DiLeo (Respondent)

### MAILED

Nicole L. Oddo (Respondent)          Sidney J. Angelle (Relator)          David W. Aiken, Jr., M.D. (Relator)
Attorney at Law                       Eric B. Berger (Relator)             In Proper Person
300 Lafayette Street                  Attorney at Law                      7030 Canal Boulevard
Suite 101                             400 Poydras Street                   Suite 110
New Orleans, LA 70130                 Suite 2300                           New Orleans, LA 70124
                                      New Orleans, LA 70130